EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Monserrate Blassino Alvarado t/c/c Monsita Blassino de Reyes; Carmen Ana Reyes Blassino<br><br>Peticionarias<br><br>v.<br><br>Ligia Catalina Reyes Blassino; Ernesto Reyes Blassino<br><br>Recurridos | Certiorari<br><br>2024 TSPR 93<br><br>214 DPR ___ |

Número del Caso: CC-2023-0333


Fecha: 20 de agosto de 2024


Tribunal de Apelaciones:

    Panel IX


Representantes legales de la parte peticionaria:

    Lcdo. Ramón A. Pérez González
    Lcdo. Carlos Viñas Martín
    Lcdo. Ernesto Reyes Blassino


Representante legal de la parte recurrida:

    Lcda. Jeannette Martínez Cañavate


Materia: Procedimiento Civil – Sustitución del donante por sus herederos en una acción de revocación de donación.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Monserrate Blassino Alvarado t/c/c Monsita Blassino de Reyes; Carmen Ana Reyes Blassino<br><br>Peticionarias<br><br>v.<br><br>Ligia Catalina Reyes Blassino; Ernesto Reyes Blassino<br><br>Recurridos | CC-2023-0333 | |

Opinión del Tribunal emitida por la Jueza Asociada señora Pabon Charneco.

En San Juan, Puerto Rico, a 20 de agosto de 2024.

En esta ocasión, nos corresponde determinar si el Tribunal de Apelaciones actuó correctamente al confirmar la desestimación de una Demanda por entender que la causa de acción de revocación de donación quedó extinguida tras fallecer la donante. Lo anterior, al razonar que como algunos herederos —incluyendo el Albacea— eran parte demandada en el pleito, no era posible sustituir a la demandante.

Luego de analizar detenidamente el asunto en controversia, entendemos que los foros inferiores se apartaron de la normativa jurídica aplicable y del precedente establecido en *Vilanova et al. v. Vilanova et al., infra*. Así pues, por las razones que procedemos a

exponer a continuación, revocamos las determinaciones aquí impugnadas.

## I.

El 14 de abril de 2021, la Sra. Monserrate Blassino Alvarado (señora Blassino Alvarado) y la Sra. Carmen Ana Reyes Blassino (señora Reyes Blassino) (en conjunto, demandantes) presentaron una Demanda sobre revocación de donación, daños y perjuicios, *injunction* provisional, preliminar y permanente y prohibición de enajenar, en contra de la Sra. Ligia Catalina Reyes Blassino (recurrida) y el Sr. Ernesto Reyes Blassino (señor Reyes Blassino).[1] En lo pertinente, reclamaron que la recurrida coaccionó a su madre, la señora Blassino Alvarado, para que otorgara una Escritura de Donación Condicional ante el Lcdo. Manuel R. Pérez Caballer (licenciado Pérez Caballer), con el fin de que esta última le donara el 50% de participación que tenía sobre un bien inmueble que poseían todas las partes en común proindiviso.[2] A su vez,

---

[1] El Sr. Ernesto Reyes Blassino (señor Reyes Blassino) fue incluido en el pleito al amparo de la Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 16.1. En ese aspecto, en la Demanda no se incluyeron alegaciones o reclamaciones en su contra.

[2] En específico, en la Demanda se hicieron constar las alegaciones siguientes:

> "15. La codemandante Monsita Blassino de Reyes fue víctima de maltrato emocional por parte de su hija aquí demandada Ligia Catalina Reyes Blassino al coaccionarla para que suscribiera la Escritura [N]úmero 50 de Donación Condicional, supra. Esto llegó al punto de la demandada a amenazar con el suicidio, si la aquí codemandante Monsita Blassino de Reyes, no firmaba la referida escritura. Inclusive el 6 de mayo de 2019, fue la primera vez que la codemandante Monsita Blassino de Reyes visitó la oficina del notario Manuel R. P[é]rez Caballer.

adujeron que la recurrida había incumplido con la condición pactada en el acuerdo, por lo que, entre otros remedios, solicitaron la revocación de la donación y que la participación donada revirtiera a la señora Blassino Alvarado.[3]

El 27 de abril de 2021, el Tribunal de Primera Instancia celebró una Vista de Interdicto Preliminar a la cual comparecieron las demandantes y el señor Reyes Blassino. En ese entonces, el foro primario determinó, entre otros asuntos, que no era posible atender la impugnación de la Escritura de Donación Condicional por medio del trámite extraordinario, por lo que entendió

---

16. Tanto así que a pesar de que [en] la escritura se menciona que la donante se reserv[ó] bienes para su subsistencia esta aseveraci[ó]n es falsa. En la escritura n[ú]mero 50 de Donación Condicional supra, incumple el Art. 1312 del [Có]digo [C]ivil vigente, ya que la demandante solo [h]a retenido una propiedad de la cual tiene un Reverse Mortgage y una pensión del Seguro Social.

17. M[á]s a[ú]n, la codemandada Ligia Catalina Reyes Blassino, ha incumplido con la condición impuesta en la escritura de donación condicional, beneficiándose de una renta diaria de $500.00 d[ó]lares, excluyendo a la parte aquí demandante de los frutos y rentas a los cuales tiene derecho." (Subrayado suprimido). Apéndice de *Certiorari*, pág. 4.

[3] La Escritura Núm. 50 de 6 de mayo de 2019 sobre Donación Condicional establecía que:

"---OCTAVO: Es condición e[s]encial de esta donación que el usufructo del bien donado pertene[zca] a la donante mientras ella esté viva, de forma vitalicia. Todas la[s] rentas y frutos de la participación donada corresponderán a la donante mientras esté vigente el derecho de usufructo a su favor. Al fallecimiento de la donante quedará cancelado el derecho de usufructo de la participación donada correspondiente a la donataria, libre de restricciones o condiciones adicionales". Íd., pág. 19.

procedente convertir el caso en uno de naturaleza ordinaria.[4]

Posteriormente, el 13 de julio de 2021, la recurrida presentó una *Contestación a Demanda y Reconvención*. En su escrito, negó las alegaciones instadas en su contra, levantó varias defensas afirmativas y solicitó ser indemnizada por los daños que presuntamente le ocasionaron asumir los gastos de la propiedad en controversia, la interferencia torticera de las demandantes en sus relaciones contractuales con terceros y las angustias mentales y emocionales sufridas durante el proceso. Por su parte, el 28 de julio de 2021, las demandantes presentaron una *Réplica a Reconvención* en la que solicitaron que se desestimara el reclamo de la recurrida y se impusieran honorarios de abogado por frivolidad.

Así las cosas, y tras suscitarse un extenso trámite procesal, el 17 de junio de 2022, las demandantes enmendaron su reclamación para incluir al licenciado Pérez Caballer como parte demandada. A su vez, el 9 de noviembre de 2022, presentaron una *Moción de Sentencia Sumaria Parcial*. En vista de ello, el 15 de noviembre de 2022, el Tribunal de Primera Instancia emitió y notificó una Orden mediante la cual concedió un término de veinte

---

[4] El 9 de mayo de 2022, el Tribunal de Primera Instancia notificó una Resolución adoptando esta y otras determinaciones dictadas en corte abierta durante la Vista de Interdicto Preliminar, las cuales habían sido previamente recogidas en una Minuta con fecha del 4 de mayo de 2021. Íd., págs. 128-136, 387-393.

(20) días a la parte demandada para que reaccionara a la moción dispositiva.

El 1 de diciembre de 2022, la recurrida presentó un *Escrito Notificando Defunción de la Parte Demandante*. En particular, mediante el mismo, esta informó al tribunal que la señora Blassino Alvarado había fallecido el 21 de noviembre de 2022 en el estado de Texas.

El 5 de diciembre de 2022, el señor Reyes Blassino presentó una *Moción Informativa sobre Allanamiento a Mociones Radicadas por la Parte Demandante*. En esta, expresó allanarse a lo solicitado por las demandantes en la *Moción de Sentencia Sumaria Parcial*.

El 12 de diciembre de 2022, tras solicitar una prórroga para comparecer, la recurrida presentó una *Moción en Solicitud* [sic] *de Desestimación*. En esencia, adujo que luego del fallecimiento de la señora Blassino Alvarado, procedía la desestimación automática del pleito. Entendía que, en ausencia de la donante, no había parte con legitimación activa para continuar con la Demanda, pues la causa de acción se había extinguido.[5] Fundamentó su petición en lo dispuesto en los Arts. 581 y 589 del Código Civil de 1930, *infra*. Además, expresó que no era posible sustituir a la fallecida por sus causahabientes, puesto que dos de estos eran parte demandada en el pleito. Debido a lo anterior, expuso que la Demanda dejaba de exponer una reclamación que

---

[5] Íd., pág. 610.

justificara la concesión de un remedio, por lo que solicitó que se desestimara.

El 16 de diciembre de 2022, el señor Reyes Blassino presentó una *Moción de Sustitución de Parte por Fallecimiento*. Informó que la señora Blassino Alvarado otorgó testamento abierto declarando a sus tres hijos como únicos y universales herederos. Además, dispuso que su madre lo había nombrado su albacea testamentario. Por lo cual, argumentó que la causa de acción no estaba extinta y que procedía se le sustituyera como parte demandante.

Por su parte, el 21 de diciembre de 2022, la señora Reyes Blassino también presentó una *Solicitud de Sustitución de Parte*. En su escrito, requirió que los procedimientos continuaran con esta como parte demandante. A su vez, expresó que se allanaba a la solicitud de sustitución presentada por el señor Reyes Blassino, pues destacó que este había sido traído al pleito por medio de la Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 16.1.

El 4 de enero de 2023, la recurrida presentó una *Moción Reiterando Solicitud de Desestimación y Oposición a Sustitución de Parte*. En particular, reiteró los fundamentos por los cuales entendía que procedía la desestimación del pleito. Además, añadió que tampoco se podía conceder el reclamo de sustitución, puesto que, a su entender, en el caso de sustitución por muerte se

sustituye al causante por su sucesión. Conforme expuso, en este caso "se tendría que solicitar la sustitución de la causante (parte demandante) por persona jurídica, denominada sucesión de Monserrate Blassino que está compuesta en dos terceras [partes] por la parte demandada".[6]

El 24 de enero de 2023, el señor Reyes Blassino presentó una *Moción sobre Resolución y Cartas Testamentarias y en Solicitud de Otros Remedios*. Expuso que el Tribunal de Primera Instancia, Sala de Bayamón había emitido una Resolución el 20 de enero de 2023 expidiendo Cartas Testamentarias a su favor para ser el albacea testamentario de la señora Blassino Alvarado. A tales efectos, solicitó que en este caso se le designara administrador de la herencia de la fallecida. Como consecuencia de lo expuesto, el foro primario concedió diez (10) días a las demás partes para que reaccionaran.

En el ínterin, el 3 de febrero de 2023, la señora Reyes Blassino presentó una *Oposición a Desestimación*. En esencia, adujo que tanto ella como el señor Reyes Blassino tenían derecho a continuar la acción porque la causante presentó la Demanda antes de fallecer. Además, manifestó que estos habían acreditado sus capacidades como herederos ante el Tribunal de Primera Instancia de forma que se podía ordenar la sustitución solicitada. Por último, añadió que no procede la sustitución por la

---

[6] Íd., pág. 631.

"sucesión" porque esta no tiene personalidad jurídica. Por su parte, el señor Reyes Blassino se unió a esta oposición.

El 18 de febrero de 2023, el señor Reyes Blassino presentó una *Moción Sobre Administración [de] Herencia*. En síntesis, expuso que el término de diez (10) días concedido a las partes para que reaccionaran a su petición de ser administrador de la herencia de su madre había transcurrido sin que ninguna de estas se expresara al respecto. Por lo cual, solicitó al tribunal que se concediera su solicitud.

El 20 de febrero de 2023, la recurrida presentó una moción desestimatoria adicional. En esta, reiteró los argumentos sobre la necesidad de desestimar automáticamente el pleito tras la muerte de su madre y la imposibilidad de sustituir a esta última por alguna otra parte. No obstante, en esta ocasión, añadió que procedía desestimar también el pleito por falta de parte indispensable, pues alegó que el licenciado Pérez Caballer fue acumulado de manera tardía, lo que provocó, a su juicio, una dilación y encarecimiento de los procesos. Como punto final, se opuso a la designación del señor Reyes Blassino como administrador de la herencia de la señora Blassino Alvarado y cuestionó la facultad de este para fungir como albacea por tener alegadamente un conflicto de interés con otro miembro de la sucesión.

Tras evaluar las mociones ante su consideración, el 27 de febrero de 2023, el Tribunal de Primera Instancia emitió y notificó una Sentencia mediante la cual desestimó la Demanda de epígrafe. En esencia, el foro primario acogió los argumentos esbozados por la recurrida en torno a la alegada extinción de la causa de acción y la imposibilidad de conceder las solicitudes de sustitución instadas. En particular, el foro primario concluyó al respecto que:

> Resulta claro que al fallecimiento del donante no queda parte alguna con legitimación activa para continuar la demanda en el caso de epígrafe. Y es que, […] quien único podrá reclamar la revocación de una donación es el Donante y que a la muerte de este se extingue dicha causa de acción.

> .        .        .        .        .        .        .
> .

> Es importante señalar que en nuestro ordenamiento jurídico la parte con derecho u obligación a sustituir a un causante es la sucesión en su totalidad. Para ello habría que incluir a todos y cada uno de los herederos, que para todos los fines son parte indispensable, Vilanova, et als v. Vilanova et als 184 DPR 2012 pues son estos los llamados a sustituir como sucesión del causante. Es decir, hay que incluir a todos los herederos individualizados.

> .        .        .        .        .        .        .
> .

> Para que pudiese proceder la sustitución de parte bajo la Regla 22.1(b) habría que sustituir a la difunta donante por su sucesión, lo que conllevaría incluir a todos los hijos individualmente. Para cumplir con dicho requisito habría que incluir a Carmen Ana, a Ligia [Catalina] y a Ernesto Reyes Blassino. Como resulta evidente, dicha sustitución de parte no es posible pues desde el comienzo del pleito, de los tres (3) hijos, dos (2) conforman la parte demandada, compareciendo

como codemandados Ligia [Catalina] y Ernesto Reyes Blassino.

A la luz de lo antes expuesto, hay que concluir que la solicitud presentada por el codemandado, Lcdo[.] Ernesto Reyes de permitirle la sustitución de parte, en su carácter individual como albacea, no procede. Además, cabe mencionar que al albacea no se le reconoce la capacidad de sustituir a un causante. (Cita omitida).[7]

Por otra parte, el foro primario nada dispuso sobre la solicitud del señor Reyes Blassino para que se le nombrara administrador de la herencia de su madre, pues entendió que ese reclamo debía ser presentado en otro procedimiento. De igual forma, consideró académico cualquier planteamiento relacionado a la solicitud de desestimación por falta de parte indispensable presentada por la recurrida.

En desacuerdo, la señora Reyes Blassino y el señor Reyes Blassino (en conjunto, peticionarios) presentaron un recurso de apelación ante el Tribunal de Apelaciones. Así las cosas, el 24 de abril de 2023, el foro apelativo intermedio emitió una Sentencia, notificada el día 26 del mismo mes y año, mediante la cual confirmó el dictamen desestimatorio utilizando los mismos fundamentos expuestos por el Tribunal de Primera Instancia en su dictamen.

Aún inconformes, el 26 de mayo de 2023, los peticionarios comparecieron ante nos mediante un recurso

---

[7] Íd., págs. 686-687. Posteriormente, el 17 de febrero de 2023, el Tribunal de Primera Instancia emitió una Sentencia Enmendada a los efectos de corregir el segundo nombre de la recurrida. Íd., págs. 682-688.

de *certiorari* y le imputaron al Tribunal de Apelaciones haber cometido los errores siguientes:

> Erró el Tribunal de Apelaciones al confirmar la Sentencia del Tribunal de Primera Instancia, Sala de Arecibo, que desestimó la Demanda presentada, resolviendo que la reclamación quedó extinguida por causa del fallecimiento de la Demandante Monsita Blassino de Reyes.
> Erró el Tribunal de Apelaciones al confirmar la Sentencia del Tribunal de Primera Instancia, Sala de Arecibo, que desestimó la Demanda presentada, resolviendo que no procedía la solicitud de Carmen Ana Reyes Blassino ni de Ernesto Reyes Blassino, de sustituir a la donante en su reclamo de revocación de donación.

Contando con la comparecencia de ambas partes, y habiéndose expedido el recurso de autos, nos encontramos en posición de resolver.

## II

## A.

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, autoriza a la parte contra la cual se reclama a presentar una moción de desestimación por cualquiera de los fundamentos siguientes: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) **dejar de exponer una reclamación que justifique la concesión de un remedio** o (6) dejar de acumular una parte indispensable. Véase, además, *Cobra Acquisitions, LLC v. Mun. de Yabucoa et al.*, 210 DPR 384, 396 (2022); *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1066 (2020).

Cuando se considera una moción de desestimación al amparo de esta regla, los tribunales tienen que tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la forma más favorable para la parte demandante. *Cobra Acquisitions, LLC v. Mun. de Yabucoa et al.*, pág. 396; *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015); *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013). Bajo este criterio, una demanda será desestimada solo si surge que esta carece de todo mérito o que la parte demandante no tiene derecho a remedio alguno bajo cualesquiera de los hechos que se puedan probar. *Cruz Pérez v. Roldán Rodríguez et al.*, 206 DPR 261, 267 (2021); *González Méndez v. Acción Social et al.*, 196 DPR 213 (2016). Es decir, procede la desestimación si aun interpretando la reclamación de manera liberal no hay remedio alguno disponible en el estado de Derecho. *Cruz Pérez v. Roldán Rodríguez et al.*, *supra*, págs. 267-268; *Ortiz Matías et al. v. Mora Development*, 187 DPR 649, 654 (2013). En otras palabras, los tribunales evaluarán "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de [e]ste, la demanda es suficiente para constituir una reclamación válida". *Cruz Pérez v. Roldán Rodríguez et al.*, *supra*, pág. 268 (citando a *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994)).

**B.**

Expuesto lo anterior, debemos mencionar que el Código Civil de Puerto Rico de 1930, 31 LPRA ant. Sec. 1 *et seq.* (Código Civil de 1930) —vigente al momento de otorgarse la Escritura de Donación Condicional aquí en pugna— define la donación como "un acto de liberalidad por el cual una persona dispone gratuitamente de una cosa en favor de otra que la acepta". Art. 558 del Código Civil de 1930, *supra*. Además, hace una distinción entre las donaciones *inter* vivos y las donaciones por causa de muerte. Art. 559 del Código Civil de 1930, *supra*. En ese aspecto, dispone que las donaciones por causa de muerte son regidas por las disposiciones establecidas para la sucesión testamentaria. Art. 562 del Código Civil de 1930, *supra*. Por su parte, establece que las donaciones entre vivos se regulan conforme a lo dispuesto en las disposiciones generales sobre obligaciones y contratos, en todo aquello que no esté mencionado en los Arts. 576-585 del Código. Art. 563 del Código Civil de 1930, *supra*.

La distinción anterior resulta importante puesto que, a diferencia de las donaciones por causa de muerte, las donaciones *inter* vivos son irrevocables. Es decir, estas no pueden revocarse por la sola voluntad del donante. *Infante v. Maeso*, 165 DPR 474, 482 (2005); *Lage v. Central Fed. Savings*, 108 DPR 72, 84 (1978). Véase, además, J.R. Vélez Torres, *Curso de derecho civil:*

*derecho de contratos*, San Juan, Rev. Jur. UIPR, 1990, T. IV, Vol. II, págs. 229-230. Por el contrario, las mismas solo pueden ser dejadas sin efecto por las causales autorizadas y dispuestas en el propio Código Civil. *Infante v. Maeso*, *supra*, pág. 482; Vélez Torres, *Op. Cit.*, pág. 257.

Bajo el Código Civil de 1930, uno de los escenarios contemplados para que un donante solicite la revocación de una donación es aquel en el que el donatario ha incumplido con alguna de las condiciones impuestas en el negocio jurídico. En ese aspecto, el Art. 589 del Código Civil de 1930, *supra*, dispone que:

> **La donación será revocada <u>a instancia del donante</u>, cuando el donatario haya dejado de cumplir alguna de las condiciones que aquél le impuso.**
> En este caso, los bienes donados volverán al donante, quedando nulas las enajenaciones que el donatario hubiese hecho y las hipotecas que sobre ellos hubiese impuesto con la limitación establecida en cuanto a terceros, por la Ley Hipotecaria. (Negrilla y subrayado suplidos).

Aunque el artículo anterior establece claramente que la acción de revocación por incumplimiento de una condición tiene que ser instada por el propio donante, el mismo guarda silencio en torno a la posibilidad de que sus herederos continúen con el pleito una vez el primero fallece tras haber ejercido su derecho.[8] Sobre ese

---

[8] Véase, por ejemplo, STS 30 abril 2008 (RJ 2008, 2822) ["'si el donante ha podido instar la revocación y no lo ha hecho, sus herederos no podrán ex novo incoar la acción'. Lo cual es así. Si en vida no ejercitó la acción de revocación porque no quiso hacerlo, no pueden ejercitarla sus herederos"].

particular, el tratadista José E. Gomá Salcedo, analizando el Art. 647 del Código Civil de España —equivalente al Art. 589 de nuestro derogado Código Civil de 1930— nos indica que:

> Ha discutido la doctrina sobre si esta acción es o no transmisible a los herederos, predominando la opinión afirmativa, mientras que de la jurisprudencia se suele deducir una posición contraria a esa transmisibilidad. Para Albaladejo, debe entenderse transmisible, salvo el caso de que se demuestre que el donante, pudiendo, no quiso revocar, lo que se presume si muere hallándose ya en situación de revocar y no habiéndolo hecho. J.E. Goma Salcedo, *Instituciones de Derecho Civil Común y Foral*, 2da ed., Bosch, 2010, Tomo II, pág. 1577.

De igual forma, el autor Xavier O'Callaghan Muñoz dispone sobre este asunto lo siguiente:

> La acción de revocación es transmisible mortis causa. Pero la jurisprudencia ha exigido que conste que el donante, en vida, quiso la revocación; si en vida no ejerció la acción de revocación porque no quiso hacerlo, no pueden ejercitarla sus herederos. X.O. Callaghan Muñoz, *Compendio de Derecho Civil*, Ed. Edersa, 2012, Tomo II, Vol. II pág. 446.

Ahora bien, ante esta disyuntiva, no podemos perder de vista el hecho de que este caso fue presentado luego de entrar en vigor la Ley Núm. 55-2020, según enmendada, conocida como Código Civil de Puerto Rico de 2020, 31 LPRA sec. 5311 *et seq.* (Código Civil de 2020). Sobre el particular, este último cuerpo normativo dispone, como parte de sus cláusulas transitorias, que las acciones y

---

Sin embargo, cabe destacar que, contrario al razonamiento expuesto, en la Opinión Núm. 40 del Secretario de Justicia de 10 de octubre de 1955, se indicó que "s[o]lo el donante pudo ejercitar dicha causa de acción en caso de incumplimiento, por ser [e]sta personalísima". Op. Sec. Just. Núm. 40 de 1955.

los derechos nacidos y no ejercitados antes de su vigencia subsistirían con la extensión y en los términos reconocidos en la legislación precedente. No obstante, establece que **las mismas estarán sujetas, en cuanto a su ejercicio y procedimientos para hacerlas valer, a lo dispuesto en este nuevo Código Civil**. Véase, Art. 1808 del Código Civil de 2020, *supra*. Por lo cual, nos resulta crucial en este caso acudir a lo expuesto en el Art. 1321 del Código Civil de 2020, *supra*, el cual regula la revocación judicial de las donaciones y dispone, de manera expresa, que: "**[e]l donante no transmite a sus herederos la facultad de revocar la donación, <u>pero estos pueden sustituirle en la acción ya incoada</u>**". (Negrilla y subrayado suplidos).

### C.

Por otro lado, la Regla 22.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 22.1 es la que regula todo lo relativo a la sustitución de parte por causa de muerte. En lo pertinente, la referida disposición establece que:

> (a) Si una parte fallece y la reclamación queda por ello extinguida, se dictará sentencia desestimando el pleito.
> (b) **Si una parte fallece y la reclamación no queda por ello extinguida, cualquiera de las partes en el procedimiento o sus abogados o abogadas notificarán el fallecimiento al tribunal y a las otras partes** dentro del término de treinta (30) días, contados desde la fecha en que se conozca tal hecho. **El tribunal,** a solicitud hecha dentro de los noventa (90) días siguientes a la fecha de dicha notificación, **ordenará la sustitución de la parte fallecida por las partes apropiadas.** Los(Las) y las causahabientes o representantes podrán presentar la solicitud de sustitución

del(de la) finado(a), y dicha solicitud se notificará a las partes en la forma dispuesta en la Regla 67 de este apéndice y a las que no lo sean en la forma que dispone la Regla 4 de este apéndice. **La demanda se enmendará a los únicos fines de conformar la sustitución e incorporar las nuevas partes al pleito.** Transcurrido el término sin que se haya solicitado la sustitución, se dictará sentencia desestimando el pleito sin perjuicio.
[…] (Negrillas suplidas).

En el pasado hemos expresado que el derecho sustantivo es el que indica en cada caso quién es la persona idónea para sustituir a un causante. *Vilanova v. Vilanova*, 184 DPR 824, 838 (2012). A su vez, hemos señalado que "el trámite procesal de sustitución en nada afecta los derechos sustantivos de las partes". Íd., pág. 838 (citando a *Pereira v. I.B.E.C.*, 95 DPR 28, 66 (1967)). Esto es así, debido a que la parte que sustituye se coloca en "los mismos zapatos" de la parte que es sustituida. Íd., pág. 838.

**D.**

En *Vilanova et al. v. Vilanova et al.*, *supra*, tuvimos la oportunidad de atender una controversia similar a la que tenemos hoy ante nuestra consideración. En ese caso, el demandante presentó una reclamación en contra de su esposa, su hija y varias otras personas, por alegadamente disponer, dilapidar y apropiarse indebidamente de sus bienes personales. No obstante, falleció durante la tramitación del pleito. Por lo cual, surgió la interrogante de quién era la parte apropiada para sustituir al difunto en la causa de acción que este

presentó en vida. Al interpretar el Art. 584 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2471,[9] y varias decisiones interpretativas del mismo, arribamos a la conclusión de que, como norma general, quien debe sustituir a un causante en un proceso judicial son sus herederos y el albacea o administrador de su herencia. Sin embargo, señalamos que, a manera de excepción, **en aquellos casos en que el causante hubiese instado un pleito en contra del albacea, su sucesión es la que viene llamada a sustituirlo**. De igual forma, dispusimos que, **de haber algún heredero incluido como parte demandada, son los herederos no demandados quienes deben sustituir al causante como parte demandante.**

Con este marco jurídico en mente, pasemos a disponer de la presente controversia.

### III

Mediante el recurso de *Certiorari* de autos, los peticionarios plantean, en síntesis, que el Tribunal de Apelaciones erró al confirmar la desestimación de la Demanda de epígrafe bajo el fundamento de que la causa de acción de revocación de donación quedó extinguida tras

---

[9] El referido artículo expresa que:

> "Será deber de los administradores y, mientras éstos se nombren, de los albaceas representar al finado en todos los procedimientos comenzados por o contra el mismo antes de su muerte y los que se promovieran después por o contra el caudal de la herencia. Las acciones o procedimientos instruidos por o contra el finado se suspenderán a su muerte ínterin se haga cargo el albacea o se nombre un administrador y el albacea o administrador quedará subrogado como parte en la acción". Art. 584 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2471.

fallecer la señora Blassino Alvarado y, además, porque no era posible sustituir a los peticionarios en el lugar de la fallecida. Según los peticionarios, la decisión del foro apelativo intermedio se distanció de la normativa jurídica aplicable y lo resuelto en *Vilanova et al. v. Vilanova et al.*, *supra*. Les asiste la razón.[10] Veamos.

En primer lugar, debemos señalar que tanto el Tribunal de Primera Instancia, como el foro apelativo intermedio, ignoraron gran parte del texto recogido en el Art. 1321 del Código Civil de 2020, *supra*, el cual expresamente dispone que, si bien un donante no transmite a sus herederos la facultad de revocar una donación, **estos pueden sustituirle en la acción una vez la misma hubiese sido incoada por el primero.** En este caso estamos, precisamente, ante un escenario de tal naturaleza, puesto que la señora Blasinno Alvarado presentó personalmente su reclamo para revocar la donación que hizo en vida a la recurrida. Con su proceder, esta logró satisfacer el requisito estatutario necesario para que sus herederos pudieran sucederle en la causa de acción instada por esta.

En segundo término, los foros *a quo* adjudicaron que la solicitud de los peticionarios para ser sustituidos en el lugar de la donante no podía ser concedida debido a

---

[10] Ahora bien, los peticionarios aluden a que es de aplicación a este caso lo dispuesto en el Art. 595 del Código Civil de 1930, 31 LPRA ant. sec. 2050. No obstante, dicha disposición está diseñada para situaciones en las que se intenta revocar una donación por la causal de ingratitud. Por lo cual, no estando ante un escenario de ese tipo, el referido artículo es inaplicable a la situación de marras.

que no se podía incluir como parte demandante a la totalidad de la sucesión de esta. Sin embargo, para concluir de tal manera, ambos tribunales realizaron una interpretación errónea de la norma general expuesta en *Vilanova et al. v. Vilanova et al.*, *supra*, obviando por completo las excepciones que fueron reconocidas en ese mismo caso. Esto pues, si bien nuestro pronunciamiento fue claro en establecer que quienes deben sustituir a un causante son los miembros de su sucesión, junto a cualquier albacea o administrador nombrado por este, **se dispuso expresamente que, si alguno de estos figuraba como demandado en el pleito, los herederos restantes son quienes deben incluirse como parte demandante.**

Así las cosas, en este caso no había impedimento para que los foros recurridos concedieran la solicitud de sustitución. En primer lugar, la señora Reyes Blassino era parte demandante en el pleito desde un inicio. Por lo tanto, no existía razón para pensar que esta no podía continuar con la tramitación de la reclamación, incluyendo la causa de acción en revocación de donación que heredó de su madre. Además, al examinar el tracto procesal y el expediente del caso, observamos que el señor Reyes Blassino —albacea testamentario de la donante— tampoco estaba vedado de sustituir a su madre en el pleito. Si bien es cierto que el señor Reyes Blassino fue incluido en el caso como parte demandada, lo anterior se hizo mediante la aplicación de la Regla 16.1 de

Procedimiento Civil, *supra*, por considerarse a este una parte indispensable. Sin embargo, de la Demanda no se desprende reclamación alguna en su contra. Además, el señor Reyes Blassino ha actuado en todo momento de manera compatible con los intereses de las demandantes, puesto que en diversas ocasiones se ha unido a las mociones presentadas por estas con el fin de apoyar sus reclamos.

A base de todo lo anterior, resulta evidente que los foros inferiores erraron en su proceder.[11] Por lo cual, procede que revoquemos la Sentencia recurrida del Tribunal de Apelaciones, ordenemos la sustitución de los peticionarios como parte demandante en el pleito y devolvamos el caso al foro primario para que continúen los procedimientos de manera compatible con lo aquí resuelto.

Se dictará Sentencia de conformidad.

Mildred G. Pabón Charneco
Jueza Asociada

---

[11] Cabe destacar que el Tribunal de Primera Instancia y el Tribunal de Apelaciones limitaron su análisis a la procedencia de la causa de acción en revocación de donación. Sin embargo, nada dijeron en torno a las restantes reclamaciones que fueron consignadas en la Demanda. En ese aspecto, al desestimar la totalidad del pleito a base de la presunta improcedencia de ese único reclamo, los foros *a quo* privaron a las demandantes de poder tramitar las otras reclamaciones que fueron instadas por estas.

Por otra parte, observamos que tanto la recurrida como los foros inferiores hicieron alusión a la aplicación del Art. 581 del Código Civil de 1930, 31 LPRA ant. sec. 2026. No obstante, no estamos ante un escenario en el cual la donante se hubiese reservado "la facultad de disponer de algunos de los bienes donados, o de alguna cantidad con cargo a ellos". Por lo cual, no vemos cómo el referido artículo podía ser de aplicación a la controversia que debían adjudicar los foros *a quo*.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| Monserrate Blassino Alvarado t/c/c Monsita Blassino de Reyes; Carmen Ana Reyes Blassino<br><br>    Peticionarias<br><br>          v.<br><br>Ligia Catalina Reyes Blassino; Ernesto Reyes Blassino<br><br>    Recurridos | CC-2023-0333 |  |

SENTENCIA

En San Juan, Puerto Rico, a 20 de agosto de 2024.

Por los fundamentos antes expuestos, se revoca la Sentencia recurrida del Tribunal de Apelaciones, se ordena la sustitución de los peticionarios como parte demandante en el pleito y se devuelve el caso al foro primario para que continúen los procedimientos de manera compatible con lo aquí resuelto.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez no intervino.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo