Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **MARILYN SANTIAGO SOTO Y OTROS**<br><br>Recurridos<br><br>**v.**<br><br>**ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS**<br><br>Peticionarios | KLCE202500313 | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br>**SJ2024CV05655**<br><br>Sobre:<br>**Acometimiento o Agresión y otros** |

Panel integrado por su presidenta la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 30 de abril de 2025.

Comparece ante nos, el Estado Libre Asociado de Puerto Rico, por sí, en adelante, ELA o peticionario, en representación del Departamento de Educación, en adelante, Departamento, mediante un recurso de *certiorari* y nos solicita la revocación de la "*Resolución Recurrida*" emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, en adelante, TPI-Bayamón el 5 de febrero de 2025. En la misma, el Foro Recurrido declaró *"No Ha Lugar"* a la moción de desestimación presentada por la parte la parte peticionaria.

Por los fundamentos que expondremos a continuación, expedimos el auto solicitado, y *revocamos* el dictamen recurrido.

### I.

Marilyn Santiago Soto, en adelante, Santiago Soto o recurrida, es la madre del menor identificado en el caso de epígrafe como J.G.S., quien padece de la condición de síndrome down.[1]

---

[1] Apéndice del recurso, pág. 41.

J.G.S. estudia en la Escuela Rexville Elemental.[2] Desde el mes de enero del año 2024, Santiago Soto le ha comunicado al Departamento y al ELA su preocupación sobre la falta de supervisión adecuada sobre su hijo.[3] Además, según los hechos presentados y reseñados en el expediente de autos, el *4 y 25 de marzo de 2024*, se suscitaron unos eventos en el plantel escolar de la institución académica en donde estudia J.G.S. que le provocaron daños. Por ello, la recurrida realizó múltiples seguimientos a la trabajadora social de Rexville Elemental, y por no atenderse los mismos, radicó una querella por maltrato institucional el *27 de marzo de 2024*.[4]

Por estos hechos, el *21 de junio de 2024*, la recurrida, en representación de sí y de su hijo J.G.S., presentó una "*Demanda*" sobre daños y perjuicios en contra del Departamento por violación a la Ley para la Prevención del Maltrato, Preservación de la Unidad Familiar y para la Seguridad, Bienestar y Protección de Menores, Ley Núm. 57-2023, 8 LPRA sec. 1641 *et seq*, en adelante, Ley Núm. 57.[5] La recurrida diligenció el emplazamiento el 16 de agosto de 2024 a la parte peticionaria.[6]

Así las cosas, el 25 de octubre de 2024, la parte peticionaria presentó "*Moción de Desestimación Parcial*" incoando la defensa de la Regla 10.2 (5) de las Reglas de Procedimiento Civil, 32 LPRA, Ap. V, R. 10.2. En la referida moción, arguyó el ELA que la demanda dejaba de justificar la concesión de un remedio, al igual que se incumplió con el requisito de notificación oportuna al Secretario de Justicia, conforme lo establece el estatuto de la Ley Número. 104 de 29 de junio de 1955, Ley de Reclamaciones y Demandas contra

---

[2] Apéndice del recurso, pág. 45.
[3] *Id.*, pág. 34.
[4] *Id.*, pág. 41.
[5] *Id.*, pág. 22.
[6] *Id.*, pág. 25.

el Estado, 32 LPRA, sec. 3077 *et seq.* en adelante, Ley Núm. 104.[7] En respuesta, la recurrida presentó el 27 de noviembre de 2024, "*Oposición a Moción Solicitando Desestimación*".[8]

Luego de evaluados los escritos de las partes, el TPI-Bayamón notificó "*Resolución Interlocutoria*" el 5 de febrero de 2025.[9] En la misma, determinó "*No Ha Lugar*" a la solicitud de desestimación presentada por la parte peticionaria. Por su parte, el 20 de febrero de 2025, el ELA presentó una "*Moción de Reconsideración*".[10] En su petitorio, solicitó al Foro Primario que reconsiderara su "*Resolución Interlocutoria*" y desestimara la demanda incoada por la recurrida. Sin embargo, el 26 de febrero de 2025 el TPI-Bayamón declaró "*No Ha Lugar*" a la referida moción.[11]

Inconforme con esta determinación, el 27 de marzo de 2025, la parte peticionaria radicó una petición de *Certiorari* ante esta Curia, solicitando que revoquemos la "*Resolución Interlocutoria*" emitida por el TPI-Bayamón el 5 de febrero de 2025. Así, estableció el siguiente señalamiento de error:

> **Erró el Tribunal de Primera Instancia al no desestimar la reclamación de la parte demandante por incumplimiento con el requisito de notificación al Secretario de Justicia que impone la *Ley de Reclamaciones y Demandas contra el Estado.***

Este Foro emitió una "*Resolución*" el 2 de abril de 2025, donde ordenó a la parte recurrida a presentar un escrito en oposición a la expedición del auto. En cumplimiento de orden, el 8 de abril de 2025, la parte recurrida presentó "*Oposición a Petición de Certiorari*".

---

[7] Apéndice del Recurso, pág. 27.
[8] *Id.*, pág. 41.
[9] *Id.*, pág. 1.
[10] *Id.*, pág. 4.
[11] *Id.,* pág. 9.

Perfeccionado el recurso y evaluados los escritos presentados ante nuestra consideración, procedemos a expresarnos.

## II.

### A. Certiorari

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174-175 (2020). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Mun. De Caguas v. JRO Construction,* 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, supra, el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. La mencionada Regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 209; *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, funge como complemento a la Regla 52.1 de Procedimiento Civil, supra. *Torres González v. Zaragoza Meléndez,* supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A)    Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B)    Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.
*BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023)

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170,

181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

### B. Desestimación

La Regla 10.2 de Procedimiento Civil, supra, permite que una parte demandada en un pleito solicite la desestimación de la demanda presentada en su contra. *BPPR v. Cable Media*, 2025 TSPR 1, 215 DPR ___ (2025); *Díaz Vázquez et al., v. Colón Peña et al.,* 2024 TSPR 113, 214 DPR ___ (2024); *Inmob. Baleares et al. v. Bernabé y otros*, 2024 TSPR 112, 214 DPR ___ (2024); *Rivera, Lozada v. Universal,* 2024 TSPR 99, 214 DPR ___ (2024); *Blassino, Reyes v. Reyes Blassino,* 2024 TSPR 93, 214 DPR ___ (2024); *González Méndez v. Acción Social et al.,* 196 DPR 213, 235 (2016); *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008). Esta Regla dispone que una parte demandada presentará una moción fundamentada en: (1) la falta de jurisdicción sobre la materia; (2) la falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) *dejar de exponer una reclamación que justifique la concesión de un remedio* y; (6) dejar de acumular una parte indispensable. 32 LPRA Ap. V, R. 10.2. *Díaz Vázquez et al., v. Colón Peña et al.*, supra; *Inmob. Baleares et al. v. Benabe y otros*, supra; *Rivera, Lozada v. Universal,* supra; *Costas Elena y otros v. Magic Sport y otros*, 213 DPR 523, 533 (2024).

Para que proceda una moción al amparo de la Regla 10.2, el Foro Primario deberá tomar como ciertos todos los hechos alegados en la demanda y considerarlos de la manera más favorable a la parte demandante. *Rivera, Lozada v. Universal,* supra; *Blassino, Reyes v. Reyes Blassino*, supra; *Costas Elena y otros v. Magic Sport y otros*, supra, pág. 533; *Eagle Security v. Efrón Dorado et al.*, 211 DPR 70, 84 (2023); *Bonnelly Sagrado et al. v. United Surety*, 207

DPR 715, 722 (2021); *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013); *El Día, Inc. v. Mun. de Guaynabo*, 187 DPR 811, 821 (2013). Es decir, al momento de evaluar una moción de desestimación, los tribunales deberán examinar los hechos alegados en la demanda de forma conjunta y de la forma más liberal posible a favor de la parte demandante. *Rivera, Lozada v. Universal,* supra; *Blassino, Reyes v. Reyes Blassino*, supra; *Morales et al. v. Asoc. Propietarios*, 2024 TSPR 61, 214 DPR___ (2024); *Cruz Pérez v. Roldán Rodríguez et. al.*, 206 DPR 261, 267 (2021); *López García v. López García*, 200 DPR 50, 69 (2018).

Bajo esta premisa, para que una moción de desestimación prospere, se tendrá que demostrar de forma certera que el demandante no tiene derecho a remedio alguno, que pudiere probar en apoyo a su reclamación. *Rivera, Lozada v. Universal,* supra; *Blassino, Reyes v. Reyes Blassino*, supra; *Bonnelly Sagrado et al. v. United Surety*, supra, pág. 722; *López García v. López García*, supra, pág. 70; *Dorante v. Wrangler of P.R.,* 145 DPR 408, 414 (1998). Esta Regla 10.2 (5), es de las de mayor complejidad en términos jurídicos, pues, una moción al amparo de esta se fundamenta en que los hechos que alega la parte demandante, aun presumiéndose ciertos, no son suficientes como base para que se les conceda un remedio. Es decir, en efecto, procederá la desestimación si aun dando por cierto todos los hechos bien alegados del demandante, no se demuestra derecho a una reclamación. *Rivera Lozada v. Universal,* supra; *Blassino, Reyes v. Reyes Blassino*, supra; *Trinidad Hernández et al. v. E.L.A. et al.,* 188 DPR 828, 848 (2013).

### C. Ley de Reclamaciones y Demandas Contra el Estado

Como regla general, el ELA posee inmunidad soberana. *Rosario Mercado v. ELA*, 189 DPR 561, 565 (2013). Sin embargo,

mediante la Ley Núm. 104, *supra,* el ELA renunció parcialmente a dicha inmunidad y consintió a ser demandado en daños y perjuicios por los actos u omisiones culposas o negligentes de sus funcionarios, siempre y cuando se den determinadas circunstancias. *Casillas Carrasquillo v. ELA,* 209 DPR 240, 248 (2022); *ELA v. El Ojo de Agua Development,* 205 DPR 502, 516 (2020). En lo pertinente, el Artículo 2-(A) (c) de la citada Ley Núm. 104, supra*,* sec. 3077a, exige que toda persona que interese entablar una reclamación por daños en contra del Estado notifique por escrito al Secretario de Justicia, dentro de los noventa (90) días desde que advino en conocimiento de los daños que reclama y antes de iniciar la acción judicial. *Toro Rivera et als. v. ELA et al.,* 194 DPR 393, 410 (2015). A esos fines, el precitado Artículo dispone lo siguiente en torno a las notificaciones:

> (a) Toda persona que tenga reclamaciones de cualquier clase contra el Estado Libre Asociado de Puerto Rico, por daños a la persona o a la propiedad, causados por culpa o negligencia de dicho Estado, **deberá presentar al Secretario de Justicia una notificación escrita** haciendo constar, en forma clara y concisa, la fecha, sitio, causa y naturaleza general del daño sufrido, los nombres y direcciones de sus testigos, y la dirección del reclamante, así como el sitio donde recibió tratamiento médico en primera instancia.
>
> *(b) Dicha notificación se entregará al Secretario de Justicia remitiéndola por correo certificado, o por diligenciamiento personal, o en cualquier otra forma fehaciente reconocida en derecho.*
>
> (c) La referida notificación escrita se presentará al Secretario de Justicia *dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños que reclama.* Si el reclamante estuviere mental o físicamente imposibilitado para hacer dicha notificación dentro del término prescrito, no quedará sujeto a la limitación anteriormente dispuesta, viniendo obligado a hacer la referida notificación dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad.

*(d) Si el perjudicado fuere un menor de edad, o fuere persona sujeta a tutela, la persona que ejerza la patria potestad o la custodia del menor, o el tutor, según fuere el caso, vendrá obligado a notificar la reclamación dentro de los noventa (90) días siguientes a la fecha en que tuvo conocimiento de los daños que reclama. Lo anterior no será obstáculo para que el menor, o la persona sujeta a tutela, haga la referida notificación, dentro del término prescrito, a su propia iniciativa, si quien ejerce la patria potestad o custodia, o tutela, no lo hiciere.*

*(e) No podrá iniciarse acción judicial de clase alguna contra el Estado Libre Asociado de Puerto Rico por daños causados por la culpa o negligencia de aquel, si no se hubiese efectuado la notificación escrita en la forma y manera y dentro de los plazos prescritos en este Artículo, a menos que no haya mediado justa causa para ello.* Esta disposición no será aplicable a los casos en que la responsabilidad del Estado esté cubierta por una póliza de seguro.

Artículo 2-A de la Ley Núm. 104, supra.

(Énfasis nuestro).

El propósito de los requisitos mencionados anteriormente es: "(1) proporcionar al Estado la oportunidad de investigar los hechos que dan origen a la reclamación; (2) desalentar las reclamaciones infundadas; (3) propiciar un pronto arreglo de las reclamaciones; [...]. *Rosario Mercado v. ELA*, supra, pág. 566 citando a *Zambrana Maldonado v. ELA*, 129 DPR 740, 755 (1992).

Es menester resaltar que, el requerimiento de notificación en las acciones de daños en contra del ELA es de cumplimiento estricto. *Cirino González v. Adm. de Corrección,* 190 DPR 14, 43-44 (2014). Del propio texto de la Ley Núm. 104, *supra,* surge que no procede la desestimación de una demanda si existe justa causa para la falta de notificación o para la tardanza en efectuarla.

Asimismo, el Tribunal Supremo aclaró en *Toro Rivera et als. v. ELA et al.,* supra, pág. 426, que la liberalización del requisito de notificar no pretende dejar sin efecto su cumplimiento. Más bien,

permite al reclamante aplazar o eximir su fiel cumplimiento siempre y cuando justifique su demora mediante "explicaciones detalladas, específicas y concretas que nos permitan ponderar, si en efecto, concurren las circunstancias extraordinarias capaces de excusar su conducta." *Id.* En adición, nuestro más Alto Foro entendió que, la presentación de la demanda y el diligenciamiento del emplazamiento dentro del término de noventa (90) días desde que la parte reclamante tuvo conocimiento de los daños constituirá justa causa para relevar al demandante de notificar al ELA. *Passalacqua v. Mun. de San Juan*, 116 DPR 618, 631-632 (1985).

### III.

En su escrito, la parte peticionaria plantea que el Foro Primario incidió al no desestimar la reclamación presentada por la parte recurrida por incumplimiento con el requisito de notificación al Secretario de Justicia que establece la Ley Núm. 104, supra. *Le asiste la razón.*

Entendemos que de los documentos que conforman el expediente y el derecho aplicable, surge que, al denegar la solicitud de desestimación, el Foro Primario soslayó el derecho vigente.

Surge del expediente que, la recurrida presentó una demanda sobre daños y perjuicios el **21 de junio de 2024**, contra la parte peticionaria, por alegados daños sufridos el **4 y 25 de marzo de 2024.** Sin embargo, no es hasta el 16 de agosto de 2024, luego de presentar la demanda, que la recurrida notifica mediante el diligenciamiento del emplazamiento al Secretario de Justicia. En consideración a lo anterior, y según la normativa expuesta, la recurrida tenía hasta el *24 de junio de 2024* para notificarle al Secretario de Justicia sobre su intención de presentar una reclamación en contra del ELA, *lo cual no ocurrió.*

La recurrida arguyó que había hecho unas notificaciones al Departamento y que eso la hacía diligente en su reclamo. Lo cierto

es que nuestro más Alto Foro ha establecido que el hecho de que el ELA, en virtud de otros procesos, tenga conocimiento de la controversia relacionada a la otra parte "no resulta de por sí, suficiente para excusar su tardanza al notificar su intención de demandar al Estado". *Toro Rivera et als. v. ELA et al.,* supra, pág. 429.

Por esta razón, justipreciamos que, aunque la parte peticionaria haya obtenido cierta información sobre el reclamo mediante los procesos en el Departamento, esto no eximía a la recurrida de cumplir con el deber de notificarle al Secretario de Justicia dentro del término establecido por Ley. Al no realizar la debida notificación a este, dentro de los noventa (90) días de haber conocido el daño, conforme lo establece la norma estatutaria, no colocó a la parte peticionaria en posición para investigar y preparar una defensa adecuada a favor del ELA.

Concluimos que debido al incumplimiento de la recurrida con el requerimiento de notificación que le impone la Ley Núm. 104, supra, y en ausencia de una justa causa para ello, el TPI-Bayamón estaba obligado a desestimar la causa de acción en contra del ELA y el Departamento por falta de jurisdicción, al amparo de la Regla 10.2, supra.

A raíz de lo antes expuesto, *expedimos* el auto solicitado y *revocamos* la determinación del TPI-Bayamón.

**IV.**

Por los fundamentos antes esbozados, *expedimos el recurso solicitado, y revocamos la determinación recurrida.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones