EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Abraham Rivera Candela y Alexandra Lozada<br><br>Peticionarios<br><br>v.<br><br>Universal Insurance Company<br><br>Recurrido | Certiorari<br><br>2024 TSPR 99<br><br>214 DPR \_\_\_ |

Número del Caso:  AC-2023-0059

Fecha:  11 de septiembre de 2024

Tribunal de Apelaciones:

     Panel IX

Representantes legales de la parte peticionaria:

     Lcdo. Claudio A. Rosa Ramos
     Lcdo. Juan Saavedra Castro

Representante legal de la parte recurrida:

     Lcdo. Luis R. Ramos Cartagena

Materia: Procedimiento Civil — Proceder de los tribunales al adjudicar una moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil presentada contra una demanda con alegaciones que dan base a una causa de acción bajo el Código de Seguros y el Código Civil.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Abraham Rivera Candela y
Alexandra Lozada

      Peticionarios

        v.                   AC-2023-0059

Universal Insurance Company

      Recurrido

La Jueza Presidenta ORONOZ RODRÍGUEZ emitió la Opinión del Tribunal.

En San Juan, Puerto Rico, a 11 de septiembre de 2024.

En Consejo Titulares v. MAPFRE, *infra*, analizamos las enmiendas que le realizó la Ley Núm. 247-2018, *infra*, al Código de Seguros de Puerto Rico, *infra*. En particular, tuvimos la oportunidad de interpretar si la causa de acción específica que creó esa legislación —para reclamarle a las aseguradoras por los daños sufridos a consecuencia de diversas violaciones al Código de Seguros— es acumulable en una demanda junto con una causa de acción del Código Civil de Puerto Rico por los mismos hechos. Concluimos que sí, puesto que se configuraba la doctrina de la concurrencia de acciones. Ahora bien, dispusimos que el tribunal estaba impedido de adjudicar ambas reclamaciones para

evitar la duplicidad de remedios, por lo que la parte demandante debía optar por una de estas.

Luego, en Con. Tit. 76 Kings Court v. MAPFRE, *infra*, se nos convocó a pasar juicio sobre el carácter del requisito de notificación previa que instituye el Código de Seguros —según lo añadió la Ley Núm. 247-2018— para la causa de acción de daños que se puede interponer para reclamarle a una aseguradora. Determinamos entonces que el referido requisito era jurisdiccional.

En esta ocasión, nos corresponde delinear cuál debe ser el proceder de los tribunales al adjudicar una moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *infra*, que se presentó contra una demanda que, aunque incumplió con el requisito jurisdiccional descrito —lo que impide que se ventile la reclamación anclada en el Código de Seguros—, podría subsistir al amparo del Código Civil. Ello ocurre pues al interpretarla liberalmente como exige nuestro ordenamiento jurídico al evaluar una moción de desestimación fundamentada en la referida regla, contiene alegaciones que, de probarse en su día, justifican la concesión de un remedio al amparo del aludido cuerpo legal civil.

**I**

El 8 de febrero de 2019 el Sr. Abraham Rivera Candela y la Sra. Alexandra Lozada (en conjunto, "peticionarios") presentaron una *Demanda* en contra de Universal Insurance Company (Universal).[1] Alegaron que tenían una póliza de

---

[1] Apéndice de la *Apelación*, págs. 25-30.

seguros que expidió Universal la cual aseguraba un bien inmueble sito en Luquillo, Puerto Rico.[2] Además, expusieron que:

> 7. El [b]ien [a]segurado sufrió daños sustanciales a causa de la tormenta de viento ("windstorm damage"), cuando el Huracán María ([e]n adelante, "María") impactó a Puerto Rico en o cerca del 20 de septiembre de 2017.
>
> 8. La [p]arte [d]emandada emitió una póliza de seguros (póliza número 511700173657) ([e]n [a]delante, "[l]a Póliza") cubriendo el [b]ien [a]segurado, que era totalmente aplicable y efectiva, al momento en que María impactó a Puerto Rico. La Póliza también cubre daños a los bienes personales de la [p]arte [d]emandante, y otras cubiertas bajo la [P]óliza, causados por la tormenta de viento de María.
>
> 9. La [p]arte [d]emandante ha pagado toda la deuda relacionada a las primas por [l]a Póliza para cuando María afectó el [b]ien [a]segurado de la [p]arte [d]emandante.
>
> 10. La Póliza cubría el [b]ien [a]segurado de la [p]arte [d]emandante por daños provocados por tormenta de viento, entre otros peligros. Los bienes personales de la [p]arte [d]emandante, localizados dentro del [b]ien [a]segurado durante el paso de María, también sufrieron daños sustanciales y significativos por la tormenta de viento. La [p]arte [d]emandante también sufrió daños adicionales ocasionados por el Huracán María, que estaban cubiertos bajo [l]a Póliza.
>
> 11. La [p]arte [d]emandante ha incurrido y/o incurrirá en gastos significativos para reparar los daños causados por la tormenta de viento de María al [b]ien [a]segurado.
>
> 12. La [p]arte [d]emandante le notificó a la [p]arte [d]emandada los daños que sufrió como resultado de María e hizo una reclamación para recibir beneficios bajo [l]a Póliza.
>
> 13. La [p]arte [d]emandada asignó un ajustador para que investigara y para que hiciera un ajuste de la pérdida.
>
> 14. El ajustador visitó el lugar en donde se ubica el [b]ien [a]segurado[,] pero dejó de investigar completa y justamente la pérdida.
>
> 15. El ajustador preparó un estimado de daños, pero no cumplió con los términos de [l]a Póliza ni con los estándares establecidos por la [p]arte [d]emandada para tramitar reclamaciones.
>
> 16. El ajustador impropiamente omitió y subestimó las pérdidas cubiertas de los daños por tormenta de viento causados por María al [b]ien [a]segurado de la [p]arte [d]emandante.

---

[2] Íd., pág. 26.

17. La [p]arte [d]emandada pagó de menos por los daños por tormenta de viento cubiertos al [b]ien [a]segurado causados por María. Además, la [p]arte [d]emandada dejó de pagar a la [p]arte [d]emandante la cantidad apropiada bajo [l]a Póliza correspondiente a los bienes personales de la [p]arte [d]emandante que sufrieron daños por causa de la tormenta de viento de María. La [p]arte [d]emandada también pagó de menos a la [p]arte [d]emandante por otras pérdidas que estaban cubiertas bajo [l]a Póliza.

18. Los daños por tormenta de viento asociados a María causaron cada pérdida que la [p]arte [d]emandante ha identificado.

19. La [p]arte [d]emandada sabe que la [p]arte [d]emandante tiene derecho a recibir pagos del seguro bajo los términos de La Póliza que la [p]arte [d]emandada emitió por las pérdidas que la [p]arte [d]emandante ha identificado.

20. La [p]arte [d]emandada no tiene base razonable para rehusarse a pagarle a la [p]arte [d]emandante por las pérdidas a causa de los daños ocasionados por la tormenta de viento de María, por los cuales la [p]arte [d]emandante reclama compensación bajo [l]a Póliza.

21. La [p]arte [d]emandada ha actuado de manera dolosa y temeraria, y demostrando mala fe contractual al negarse a pagar la reclamación de la [p]arte [d]emandante.

22. La [p]arte [d]emandada, a sabiendas e intencionalmente, hizo falsas representaciones a la [p]arte [d]emandante sobre su cubierta para evitar el tener que cumplir con sus obligaciones contractuales de pagarle a la [p]arte [d]emandante por las pérdidas cubiertas por los daños ocasionados por la tormenta de viento de María.

23. La obstinada negativa de la [p]arte [d]emandada a reconocer su responsabilidad de cubierta fuera del Tribunal ha obligado a la [p]arte [d]emandante a tener que [presentar] la presente demanda para proteger sus derechos bajo [l]a Póliza, haciendo que tanto la [p]arte [d]emandante como este Honorable Tribunal tengan que incurrir en esfuerzos, gastos y retrasos innecesarios.[3]

A la luz de estas alegaciones, los peticionarios incluyeron una causa de acción de *incumplimiento de contrato* y, bajo ese acápite, consignaron:

25. La [p]arte [d]emandante incorpora por referencia todas las alegaciones precedentes contenidas en la presente demanda.

26. La [p]arte [d]emandante y la [p]arte [d]emandada entraron en un contrato de seguro cuando la [p]arte [d]emandante compró y la [p]arte [d]emandada emitió [l]a Póliza.

---

[3] Íd., págs. 26-27.

27. La [p]arte [d]emandante pagó todas sus primas y mantuvo [l]a Póliza en cumplimiento ("good standing") al momento de la pérdida en septiembre de 2017.

28. La [p]arte [d]emandante ha cumplido con todas sus obligaciones bajo [l]a Póliza, incluyendo, sin que se entienda como una limitación, el haber hecho una reclamación de pago a tiempo.

29. La [p]arte [d]emandada, sin embargo, ha incumplido con sus obligaciones contractuales al negar cubierta sin justificación y negarse a emitir los pagos adeudados a la [p]arte [d]emandante bajo [l]a Póliza por su reclamación, según documentado por la [p]arte [d]emandante en su reclamación escrita de pago y en los documentos sometidos en apoyo de [esta].

30. La denegatoria impropia de cubierta por parte de la [p]arte [d]emandada ha privado a la [p]arte [d]emandante del dinero que tenía derecho a recibir bajo los términos de [l]a Póliza.

31. La [p]arte [d]emandada ha violado numerosas disposiciones del Código de Seguros de Puerto Rico, según enmendado, establecidas en la [sec.] 2716a de este código, 26 LPRA [sec.] 2716a, que prohíben específicamente la práctica de hacer ajustes injustificados, tales como los siguientes:

a. Hacer falsas representaciones sobre los términos de la cubierta de la [p]arte [d]emandante por las pérdidas sufridas por el daño causado por la tormenta de viento de María, en violación de la [sec.] 2716a(1);

b. Dejar de ajustar la reclamación de la [p]arte [d]emandante dentro de noventa (90) días, según lo requiere la [sec.] 2716a(2);

c. Denegar cubierta a la [p]arte [d]emandante por pérdidas cubiertas en [l]a Póliza sin llevar a cabo una investigación razonable a base de la información disponible, en violación de la [sec.] 2716a(4);

d. Dejar de confirmar sus responsabilidades de cubierta dentro de un periodo de tiempo razonable luego de recibir la declaración de pérdida de la [p]arte [d]emandante, en violación de la [sec.] 2716a(5);

e. No intentar, de buena fe, llevar a cabo un ajuste rápido, justo y equitativo de la reclamación, cuando la [p]arte [d]emandada es claramente responsable, y en lugar de esto, proveerle a la [p]arte [d]emandante un ajuste falso e indefendible, en violación de la [sec.] 2716a(6);

f. Obligar a la [p]arte [d]emandante a entablar pleitos para recobrar cantidades adeudadas bajo los términos de [l]a Póliza, por los daños por tormenta de viento causados por María, y ofrecerle a la [p]arte [d]emandante una cantidad

mucho menor a la adeudada bajo los [t]érminos de [l]a Póliza, en violación de la [sec.] 2716a(7); y

g. Tratar de transigir una reclamación, incluyendo la utilización de un ajuste falso, por una cantidad menor a la que la [p]arte [d]emandante razonablemente tiene derecho a recibir bajo los términos de [l]a Póliza, en violación de la [sec.] 2716a(8).

32. Todas las prohibiciones contenidas en la [sec.] 2716a del Código de Seguros de Puerto Rico, 26 LPRA [sec.] 2716a, que la [p]arte [d]emandada ha violado están incorporadas por ley a [l]a Póliza.[4]

Como remedio, los peticionarios solicitaron, en lo pertinente, que: (a) se dictara sentencia a su favor "por [los] daños a la vivienda y otras estructuras, por daños a los bienes personales, y por todos los daños adicionales cubiertos bajo [l]a Póliza, en la suma que se pr[obara] durante el juicio, menos cualquier deducible aplicable y cualquier pago previo hecho por la [p]arte [d]emandada",[5] y (b) se "[c]onced[iera] a la [p]arte [d]emandante aquellos daños consiguientes o resultantes por la suma que se pr[obara] durante el juicio".[6]

En respuesta, el 16 de abril de 2019 Universal presentó una *Moción de sentencia sumaria* en la que alegó la aplicabilidad de la figura del pago en finiquito. Los peticionarios se opusieron. Así las cosas, el 28 de junio de 2019, el Tribunal de Primera Instancia emitió una Sentencia en la que desestimó la demanda.[7] Razonó que, efectivamente, se configuró la doctrina del pago en finiquito cuando los

---

[4] Íd., págs. 28-29.
[5] Íd., págs. 29-30.
[6] Íd., pág. 30.
[7] Íd., págs. 32-39.

peticionarios recibieron cierto pago de parte de Universal mediante un cheque, lo que constituyó la liquidación total y definitiva de su reclamación.[8]

Inconformes, los peticionarios recurrieron al Tribunal de Apelaciones mediante un recurso de apelación. El 27 de noviembre de 2019 el foro apelativo intermedio emitió una Sentencia en la que confirmó el proceder de la sala de instancia.[9]

Aún insatisfechos, los peticionarios presentaron un recurso de apelación ante este Tribunal,[10] el cual se acogió como un recurso de *certiorari* y se expidió el 1 de julio de 2020. El 30 de junio de 2021 esta Curia dispuso de este mediante una Sentencia en la que se revocaron las determinaciones de los tribunales inferiores.[11] Además, se devolvió el caso al foro primario para que se evaluara y resolviera de conformidad con lo resuelto en Feliciano Aguayo v. MAPFRE, 207 DPR 138 (2021).[12]

Devuelto el caso ante al foro primario, el 26 de enero de 2022 Universal presentó su *Contestación a Demanda* y negó varias de las alegaciones en su contra.[13] En lo pertinente, negó que la propiedad sufriera daños sustanciales e indicó que estos fueron debidamente resarcidos. A su vez, apuntó que los peticionarios no cuestionaron el ajuste e incluso lo

---

[8] Íd., pág. 39.
[9] Íd., págs. 43-60.
[10] Se le asignó el alfanumérico AC-2020-0002.
[11] Apéndice de la *Apelación*, pág. 66.
[12] Íd.
[13] Íd., págs. 69-74.

aceptaron, suscribieron y cobraron el pago convenido. Por ende, expuso que actuó dentro del marco de la buena fe y las mejores prácticas de la industria de seguros.

Posteriormente, el 3 de mayo de 2022 Universal presentó una *Moción de desestimación* al amparo de la Regla 10.2 de las Reglas de Procedimiento Civil, *infra*, bajo el fundamento de falta de jurisdicción sobre la materia.[14] En síntesis, arguyó que, aunque los peticionarios le imputaron en la *Demanda* haber incurrido en prácticas desleales prohibidas, no cumplieron con el requisito de notificación. Específicamente, adujo que debieron notificarle tanto a esta como al Comisionado de Seguros, según lo disponía el Artículo 27.164 del Código de Seguros, *infra*.[15] Apuntó que este Tribunal resolvió que el aludido requisito de notificación previa era de carácter jurisdiccional, por lo cual, ante su incumplimiento, procedía la desestimación del pleito.

En respuesta, el 3 de junio de 2022, los peticionarios presentaron una *Réplica a Moción de desestimación*.[16] Esbozaron que, aunque este Tribunal interpretó que la notificación que establecía el Artículo 27.164 del Código de Seguros, *infra*, era un requisito jurisdiccional, lo cierto era que no prohibió que un asegurado pudiera reclamar incumplimiento de contrato bajo otras disposiciones del Código de Seguros o bajo el Código Civil. En ese sentido, aseveraron que, a tono con la casuística de este Alto Foro,

---

[14] Íd., págs. 75-80.
[15] Íd., págs. 76.
[16] Íd., págs. 81-89.

una parte demandante podía alegar remedios en la alternativa al amparo del Artículo 27.164 del Código de Seguros y/o el Código Civil y eventualmente el juzgador de los hechos determinaría en el juicio en su fondo cuál era el remedio procedente de modo que se evitara la doble compensación. Sostuvieron que, aunque se desestimara la causa de acción al amparo del Artículo 27.164 del Código de Seguros, *infra*, aún subsistía la causa de acción de incumplimiento de contrato según alegada en la *Demanda*. Abogaron, pues, porque se continuara la dilucidación en los méritos del caso.

Sometido el asunto, el 28 de marzo de 2023, el Tribunal de Primera Instancia emitió una Sentencia en la que, por segunda ocasión, desestimó la *Demanda*.[17] Esta vez, determinó que las alegaciones de la *Demanda* le imputaban a Universal incurrir en prácticas desleales en violación al Artículo 27.164 del Código de Seguros en el ajuste de su reclamación a consecuencia del huracán María. Por tanto, dado que el requisito de notificación era jurisdiccional y constituía una condición necesaria para la presentación de la reclamación en contra de la aseguradora, procedía la desestimación de la demanda debido al incumplimiento de los peticionarios con este.[18] El foro de instancia añadió:

> No podemos acoger la posición de la parte demandante, en cuanto a que procede ver el caso en sus méritos y, aquilatada la prueba, determinar si es un caso al amparo del Código Civil o del Código de Seguros, porque tornaríamos en letra muerta la Ley Núm. 247-2018, así como su jurisprudencia interpretativa. De modo más trascendental, acoger esa posición implicaría [arrogarnos] jurisdicción sobre la materia, en donde carecemos de [esta] y, ante tal

---

[17] Íd., págs. 93-100.
[18] Íd., pág. 99.

eventualidad, el único curso a seguir es la desestimación de la causa de acción.

Reiteramos que, el caso de epígrafe tiene su génesis en un alegado quebranto a las disposiciones del artículo 27.161 del Código de Seguros. Sin embargo, al presente, la parte demandante no ha acreditado que cumpliera con los requisitos estatutarios para poseer autoridad de acudir al tribunal en búsqueda de un remedio, como lo es el requisito, jurisdiccional, de notificación previa. Por tanto, su inobservancia conlleva, irremediablemente, […] la desestimación del pleito.[19]

En desacuerdo, el 12 de abril de 2023 los peticionarios presentaron una moción de reconsideración a la cual Universal se opuso. Así, el 17 de abril de 2023 el foro primario emitió una *Orden* en la que declaró sin lugar la solicitud de los peticionarios.

Inconformes, el 12 de mayo de 2023, los peticionarios presentaron un recurso de apelación ante el Tribunal de Apelaciones. Así, el 9 de junio de 2023, el foro apelativo intermedio emitió una *Sentencia* en la que confirmó la determinación del foro primario. Resolvió que, tras examinar la totalidad de las alegaciones de la *Demanda*, se podía colegir que los peticionarios presentaron una acción al amparo del Artículo 27.164 del Código de Seguros y no anclada en el Código Civil. Ante ello, intimó que procedía la desestimación al incumplir con el requisito jurisdiccional de notificación previa. Acto seguido, los peticionarios solicitaron sin éxito la reconsideración del dictamen ante la denegatoria del foro apelativo intermedio.

De este proceder, los peticionarios presentaron un recurso de apelación ante este Tribunal, el cual acogimos

---

[19] Íd.

como un *certiorari* y expedimos. En ese se expusieron los señalamientos de error siguientes:

Erraron el [Tribunal de Primera Instancia] y el [Tribunal de Apelaciones] al no reconocer que la causa de acción instada en este caso es una al amparo del Código Civil y no bajo la Ley [Núm.] 247-2018, por lo que no es necesaria la notificación previa al Comisionado de Seguros y a la [a]seguradora[.]

Erraron el [Tribunal de Primera Instancia] y el [Tribunal de Apelaciones] al concluir que procedía la desestimación de la *Demanda* por falta de jurisdicción cuando no es aplicable a la causa de acción presentada al amparo del Código Civil el requisito de notificación previa dispuesto en el Artículo 27.164 del Código de Seguros[.]

Erraron el [Tribunal de Primera Instancia] y el [Tribunal de Apelaciones]al ignorar el *Mandato* emitido tras el trámite apelativo en *Abraham Rivera Candela y Alexandra Lozada vs. Universal Insurance Company*, AC-2020-02, y desestimar la *Demanda*.

Los peticionarios argumentan que no les es aplicable el requisito de notificación porque su *Demanda* está predicada en una reclamación al amparo del Código Civil y no del Código de Seguros. Aseveran que, si bien el Artículo 27.164 del Código de Seguros estatuye una causa de acción para cuando la aseguradora incumple con sus disposiciones, este también deja claro que esa reclamación no sustituye cualquier otra que se pueda instar al amparo de otras legislaciones, como, por ejemplo, el Código Civil. En ese sentido, razonan que tienen derecho a optar por la causa de acción que estimen y que, en este caso, optaron sujetarla al Código Civil. Además, sostienen que, si se interpretan liberalmente las alegaciones de su *Demanda*, "no puede concluirse que estas

están carentes de un remedio que justifique la desestimación del caso".[20]

Por otro lado, los peticionarios manifiestan que:

Las alegaciones en la *Demanda* en torno a las faltas de la aseguradora relacionadas [con el] Código de Seguros apoyan las alegaciones sobre incumplimiento de contrato y dolo incluidas como parte de la reclamación y resulta errado concluir que[,] al haber[las] […] incluido[,] ello convierte la causa de acción en una al amparo del Artículo 27.164. Las alegaciones en cuestión aluden a los deberes y obligaciones que tiene[n] las aseguradoras en este contexto altamente regulado y la *Demanda* no tiene ninguna súplica en torno al remedio bajo la acción civil que incorpora la Ley [Núm.] 247-2018.[21]

Por su parte, Universal puntualiza que las alegaciones de la *Demanda* develan que estas se anclan en el Código de Seguros, pues se les imputa un ajuste inadecuado y prácticas desleales. Adicionan que la mera manifestación de los peticionarios de que su reclamo se basa en el Código Civil como subterfugio para evadir los requisitos del estatuto especial que regula la materia no debe ser sostenido por esta Curia.[22]

Contando con la comparecencia de las partes, y habiéndose expedido el recurso en reconsideración, resolvemos.

## II

### A. Las alegaciones

"Nuestro ordenamiento procesal no establece requisitos complicados para la redacción de una demanda". <u>León Torres v. Rivera Lebrón</u>, 204 DPR 20, 40 (2020). La Regla 6.1 de Procedimiento Civil dispone que "[u]na alegación que exponga

---

[20] Recurso de *Apelación*, pág. 18.
[21] <u>Íd.</u>, pág. 19.
[22] Véase *Alegato* de Universal.

una solicitud de remedio contendrá: (1) una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio, y (2) una solicitud del remedio a que crea tener derecho. Podrán ser solicitados remedios alternativos o de diversa naturaleza". 32 LPRA Ap. V, R 6.1. Según se ha postulado, basta con una información inicial escueta de tales hechos, ya que "podrá ser ampliada como resultado de los procedimientos posteriores de descubrimiento de prueba". J.A. Echevarría Vargas, <u>Procedimiento civil puertorriqueño</u>, 3ª ed. rev., Bogotá, Ed. Nomos, S.A., 2023, pág. 92.

Cónsono con esto, "no tienen que exponerse detalladamente en la demanda todos los hechos que dan base a la reclamación". <u>León Torres v. Rivera Lebrón</u>, *supra*, pág. 40. Lo esencial es que "a la luz de las alegaciones de la demanda los demandados estén razonablemente prevenidos de lo que los demandantes intentan reclamar". <u>Ortiz Díaz v. R & R Motors Sales Corp.</u>, 131 DPR 829, 835 (1992). Dicho de otro modo, las alegaciones tienen como objeto meramente informar a la parte contraria, en pinceladas anchas, las reclamaciones lanzadas en su contra de tal forma que pueda comparecer a defenderse si así lo desea. <u>León v. Rest. El Tropical</u>, 154 DPR 249, 262 (2001). Véase, también, <u>Cobra Acquisitions v. Mun. de Yabucoa *et al.*</u>, 210 DPR 384, 395 (2022). Hemos enunciado, de igual forma, que **"las alegaciones se interpretarán de manera conjunta y liberalmente a favor de la parte demandante, con el objetivo**

**de hacer justicia**". (Negrilla suplida). León Torres v. Rivera Lebrón, *supra*, pág. 40. Véase, también, Torres, Torres v. Torres *et al.*, 179 DPR 481, 501 (2010).

Por otro lado, la Regla 6.5 de Procedimiento Civil establece que "[c]ada aseveración en una alegación será sencilla, concisa y directa. No se exigirán fórmulas técnicas para la redacción de las alegaciones o mociones". 32 LPRA Ap. V, R. 6.5. De otra parte, dispone que una parte podrá formular en la alternativa cuantas reclamaciones o defensas tenga, aunque sean incompatibles. Íd. En ese sentido, el documento debe incluir "un mínimo de detalle que informe sobre los alegados actos lesivos que causaron el alegado perjuicio". León Torres v. Rivera Lebrón, *supra*, pág. 41. En concreto, "debe contener un grado suficiente de información sobre las imputaciones de suerte que le permita a la parte demandada entender la sustancia de lo que debe defender". (Citas omitidas). Íd.

Asimismo, este Tribunal ha resuelto que "**en la demanda no hay que especificar bajo qué disposición legal se reclama, basta con que de los hechos que esquemáticamente se alegan surja una causa de acción bajo cualquier ley**". (Negrilla suplida). Dorante v. Wrangler of P.R., 145 DPR 408, 414 (1998). Véase, también, R. Hernández Colón, Práctica Jurídica de Puerto Rico: Derecho Procesal Civil, 6ta ed., Puerto Rico, *LexisNexis* (2017), sec. 2301, pág. 283 ("No es necesario [incluir] en [la demanda] las leyes que le dan el

derecho al reclamante. El derecho no hay que alegarlo porque se presume que el tribunal [lo] conoce […]").

Después de todo, los tribunales conceden lo que en derecho procede, no lo que se les pide, aunque el remedio no haya sido solicitado en la súplica o en las alegaciones. Dorante v. Wrangler of P.R., *supra,* pág. 414. Véase, además, R. Hernández Colón, *op. cit.*, pág. 283 ("La función de hallar el derecho es privativa del juez. En virtud de esa facultad[,] el tribunal está en libertad de aplicar la norma que estime pertinente y adecuada aunque sea separándose de [las] alegaciones, admisiones y acuerdos de los litigantes"). "[S]on los hechos alegados y la prueba presentada, y no el título o [la] súplica de la demanda, los que constituyen el fundamento determinante de la existencia de una causa de acción". Granados Navedo v. Rodríguez Estrada I, 124 DPR 1, 46 (1989).

**B. La desestimación al amparo de la Regla 10.2 de Procedimiento Civil**

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, faculta a la parte contra la cual se presente una reclamación a presentar una moción de desestimación, por los fundamentos siguientes: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio, y (6)

dejar de acumular una parte indispensable. Costas Elena y otros v. Magic Sport y otros, 2024 TSPR 13, 213 DPR ___ (2024); Cobra Acquisitions v. Mun. de Yabucoa *et al.*, *supra*, pág. 396; Rivera Sanfeliz *et al.* v. Jta. Dir. FirstBank, 193 DPR 38, 49 (2015); Colón Rivera *et al.* v. ELA*,* 189 DPR 1033, 1049 (2013).

Asimismo, este Tribunal ha establecido que, al momento de considerar una moción de desestimación, **los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda y, a su vez, considerarlos de la forma más favorable a la parte demandante**. Cobra Acquisitions v. Mun. Yabucoa *et al.*, *supra*, pág. 396; Casillas Carrasquillo v. ELA, 209 DPR 240, 247 (2022); Cruz Pérez v. Roldán Rodríguez *et al.*, 206 DPR 261, 267 (2021). Es por esto por lo que, para que proceda una moción de desestimación, "**tiene que demostrarse de forma certera en ella que el demandante no tiene derecho a remedio alguno bajo cualquier estado de [D]erecho que se pudiere probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor**". (Negrilla suplida). Cobra Acquisitions v. Mun. Yabucoa *et al.*, supra, pág. 396. Entiéndase, los tribunales deben evaluar "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de [e]ste, la demanda es suficiente para constituir una reclamación válida". Casillas Carrasquillo v. ELA, *supra*, pág. 267 (citando a Pressure Vessels P.R. v. Empire Gas P.R., 137 DPR 497, 505 (1994)).

### C. El Código de Seguros

El negocio de seguros en Puerto Rico es objeto de extensa regulación de parte del Estado. Esto obedece a que la industria de seguros está revestida de un alto interés público debido a su complejidad, la importancia y el efecto que tiene en nuestra economía y nuestra sociedad. Consejo Titulares v. MAPFRE, 208 DPR 761, 773 (2022); R.J. Reynolds v. Vega Otero, 197 DPR 699, 706-707 (2017); Jiménez López *et al.* v. SIMED, 180 DPR 1, 8 (2010). Véase, además, Rolando Barreto *et al.* v. East Coast Water Sports, LLC *et al.*, 2024 TSPR 40, 213 DPR __ (2024). En particular, es reglamentada mediante la Ley Núm. 77 de 19 de junio de 1957, según enmendada, conocida como el Código de Seguros de Puerto Rico (Código de Seguros), 26 LPRA sec. 101 *et seq.*

En lo pertinente, la Ley Núm. 247-2018 enmendó el Código de Seguros, *supra*, a los efectos de añadirle, entre otros, el Artículo 27.164, (2018 [Parte 2] Leyes de Puerto Rico 2378), cuyo contenido reproducimos íntegramente:

**Artículo 27.164. — Remedios Civiles.**

(1) Cualquier persona podrá incoar una acción civil contra una aseguradora de haber sufrido daños a consecuencia de:

a. Violaciones por parte de las aseguradoras bajo cualesquiera de las siguientes disposiciones de esta Ley:

i. Artículo 11.270. — Limitación de cancelación por el asegurador.

ii. Artículo 27.020. — Competencia desleal; prácticas injustas y engañosas, prohibidas.

iii. Artículo 27.030. — Tergiversación, prohibida.

iv. Artículo 27.040. — Obligación de informar cubierta; copia de póliza.

v. Artículo 27.050. — Anuncios.

vi. Artículo 27.081. — Prácticas prohibidas en los seguros de propiedad.

vii. Artículo 27.130. — Diferenciación injusta, prohibida.

viii. Artículo 27.141. — Designación de agente o asegurador favorecido; coerción de deudores.

ix. Artículo 27.150. — Notificación de la reclamación.

x. Artículo 27.160. — Tráfico ilegal de primas.

xi. Artículo 27.161. — Prácticas desleales en el ajuste de reclamaciones.

xii. Artículo 27.162. — Término para la resolución de reclamaciones.

b. Por la comisión de cualesquiera de estos actos por las aseguradoras cubiertas bajo esta Ley:

i. No intentar resolver de buena fe las reclamaciones cuando, bajo un análisis de la totalidad de las circunstancias, podría y debería haberlo hecho, así como cuando no actúa justa y honestamente hacia su asegurado y en consideración de sus intereses;

ii. Realizar pagos de reclamaciones a asegurados o beneficiarios que no vayan acompañados de una declaración escrita que establezca la cubierta bajo qué se están realizando los pagos; o

iii. Al no resolver las reclamaciones con prontitud, cuando sea clara la responsabilidad de la aseguradora bajo los términos de una de las secciones de cubierta de la póliza de seguro con el fin de influir en los asentamientos bajo otras porciones o secciones de la cubierta bajo la póliza de seguro.

.    .    .    .    .    .    .    .

(2) Cualquier persona podrá entablar una acción civil contra una aseguradora no autorizada si dicha parte sufre daños por una violación bajo la Sección 27.161 de esta Ley.

**(3) Como condición previa a entablar una acción bajo las disposiciones de este Artículo, la parte afectada deberá notificar por escrito al Comisionado y a la aseguradora de la violación. La Aseguradora tendrá un término de sesenta (60) días para remediar[la]. El Comisionado, de entender que la notificación por escrito es insuficiente o vaga, [la] devolverá […] y el término de sesenta (60) días no comenzará a cursar hasta tanto se subsane la deficiencia identificada por el Comisionado.**

.    .    .    .    .    .    .    .

(4) En caso de adjudicación adversa en el juicio o luego de una apelación, el asegurador autorizado será responsable de los daños, junto con costos judiciales y honorarios razonables de abogados incurridos por el demandante.

.    .    .    .    .    .    .    .

**(6) El recurso civil especificado en este Artículo no sustituye cualquier otro recurso o causa de acción prevista en virtud de cualquier otro estatuto o de conformidad con las leyes de Puerto Rico o las leyes federales aplicables. Cualquier persona podrá reclamar bajo las disposiciones generales referente a materia de contratos o derecho extracontractual o daños y perjuicios, según contemplados en el Código Civil de Puerto Rico. Sin embargo, los tribunales o foros adjudicativos están impedidos de procesar y adjudicar ambos recursos o causas de acción. Los daños recuperables de conformidad con este Artículo incluirá[n] aquellos daños que son un resultado razonablemente previsible de una violación específica de este Artículo por la aseguradora autorizada y puede incluir una adjudicación o juicio por un monto que exceda los límites de la póliza.**
(Negrilla suplida). (2018 [Parte 2] Leyes de Puerto Rico 2382-2386).[23]

La Asamblea Legislativa realizó esta enmienda a raíz del paso de los huracanes Irma y María. Exposición de Motivos de la Ley Núm. 247-2018 (2018 [Parte 2] Leyes de Puerto Rico 2378-2379). Esto, por entender que "la respuesta por parte de la industria de seguros ante esta histórica catástrofe ha[bía] sido una plagada de retrasos, mal manejos y de reiteradas violaciones a las disposiciones de nuestro Código de Seguros". Íd. Dada esa realidad, se decidió crear una "causa de acción específica para reclamarle a las aseguradoras por los daños sufridos a consecuencia de diversas violaciones al Código de Seguros", Consejo Titulares v. MAPFRE, *supra*, pág. 766. Esto se hizo con el fin de que la ciudadanía "t[uviera] una oportunidad real de vindicar sus derechos en nuestros tribunales en la eventualidad de un incumplimiento por parte de su aseguradora". Exposición de Motivos de la Ley Núm. 247-2018 (2018 [Parte 2] Leyes de Puerto Rico 2381).

---

[23] Quedó codificado de la siguiente forma en la colección Leyes de Puerto Rico Anotadas: 26 LPRA sec. 2716d.

Esta reclamación civil se concibió como una herramienta adicional para los asegurados por el incumplimiento de las aseguradoras con las disposiciones del Código de Seguros y, de esta forma, aligerar la recuperación de Puerto Rico luego del paso de los huracanes Irma y María. Con. Tit. 76 Kings Court v. MAPFRE, 208 DPR 1018, 1033 (2022). Así se desprende del historial legislativo; por ejemplo, en su Informe de evaluación del Proyecto de la Cámara 1645 (precursor de la Ley Núm. 247-2018), la Comisión de Asuntos del Consumidor, Banca y Seguros de la Cámara de Representantes expresó lo siguiente:

> La Comisión entiende que la presente medida según radicada es necesaria para **proveer remedios y protecciones civiles adicionales a la ciudadanía, en caso de incumplimiento por parte de la aseguradora.** Esto se hace más palpable y necesario luego de las complicaciones experimentadas tras el paso del huracán María, por l[o] cual la Oficina del Comisionado de Seguros se vio obligad[a] a imponer 2.4 millones de dólares por tardanzas y faltas en la resolución y pago de reclamaciones. (Negrilla suplida). Diario de Sesiones de la Cámara de Representantes de 20 de agosto de 2018, Cuarta Sesión Ordinaria, 18va Asamblea Legislativa, pág. 55.

En Con. Tit. 76 Kings Court v. MAPFRE, *supra*, tuvimos la oportunidad de evaluar la naturaleza del requisito de notificación previa dispuesto en el Artículo 27.164 del Código de Seguros, *supra*, como condición necesaria para la presentación de una demanda en contra de una aseguradora por presuntamente incurrir en actos contrarios al Código de Seguros. Específicamente, nos correspondió determinar si tal requisito, así como los términos relacionados con este, eran de naturaleza jurisdiccional. **Respondimos que sí**. Dicha interpretación redundó en que los tribunales carecíamos de

jurisdicción para atender reclamación alguna al amparo del Artículo 27.164 del Código de Seguros si se incumple con el aludido requisito.

En otro pronunciamiento atendimos una controversia adicional que surgió en torno a la misma disposición. En concreto, en Consejo Titulares v. MAPFRE, *supra*, interpretamos la interacción entre la reclamación que reconoce el Código de Seguros y la que se puede incoar al amparo del Código Civil como consecuencia de la conducta de la aseguradora en la resolución de una reclamación. Nos correspondió resolver si ambas causas de acción, presentadas conjuntamente en una demanda contra una aseguradora, podían adjudicarse a favor de un asegurado.

Mencionamos que el propio Artículo 27.164 del Código de Seguros, *supra*, indica que, además de la causa de acción que allí se establece, se puede reclamar al amparo del Código Civil, pues la nueva reclamación no sustituye lo que podría instarse al amparo del cuerpo regulador civil. Es decir, la acción del Código de Seguros no es exclusiva. Ahora bien, aclaramos que los tribunales estaban impedidos de procesar y adjudicar ambos recursos o causas de acción.

Sobre esto, abundamos, en primer lugar, que las Reglas de Procedimiento Civil permiten la acumulación en una demanda de todas las reclamaciones independientes o alternativas que tenga un demandante contra la parte adversa, estén o no relacionadas entre sí. Consejo Titulares v. MAPFRE, *supra*, pág. 779. Véase, además, Regla 14.1 de

Procedimiento Civil, 32 LPRA Ap. V., R. 14.1 ("Cualquier parte podrá acumular en su alegación tantas reclamaciones independientes o alternativas como tenga contra la parte adversa").

En segundo lugar y, en la misma línea, aludimos a que nuestro ordenamiento reconoce la teoría de la concurrencia de acciones o la elección de remedios. Específicamente, esta teoría permite que el perjudicado —por una misma conducta o hecho y que tiene a su disposición una serie de causas de acción, cada cual con sus preceptos y principios propios— pueda escoger la que más le favorezca. Consejo Titulares v. MAPFRE, *supra*, págs. 779-780. Véase, además, Márquez v. Torres Campos, 111 DPR 854 (1982). Es necesario que el perjudicado seleccione una de las causas de acción, **lo cual se deducirá de sus alegaciones y la prueba que presente.** Maderas Tratadas v. Sun Alliance et al., 185 DPR 880, 912-913 (2012). Esto es así, pues

> no procede la indemnización conjunta por ambos tipos de acción, puesto que ello conllevaría una duplicidad de remedios. El resarcimiento procederá únicamente por una sola de las reclamaciones. Corresponde, por lo tanto, al perjudicado, optar por una de las dos (2) vías alternas para obtener la reparación satisfactoria a sus daños. Consejo Titulares v. MAPFRE, *supra*, pág. 781 (citando a Maderas Tratadas v. Sun Alliance et al., 185 DPR 880, 911(2012)).

En tercer y último lugar, expresamos que, entre la causa de acción del Código de Seguros y la del Código Civil se configuraba una concurrencia de acciones, por lo que,

> **aunque el asegurado presente ambas causas de acción, en aras de evitar la duplicidad de remedios, el tribunal solo podrá adjudicar a su favor una de ellas, a saber, la causa de acción seleccionada por el asegurado. Tal selección deberá desprenderse, conjuntamente, de las alegaciones y la prueba presentada por este.** (Negrilla suplida). Consejo Titulares v. MAPFRE, *supra*, pág. 785.

Expuesto el marco jurídico aplicable, disponemos de este recurso.

### III

Nos corresponde resolver cuál debe ser el proceder de los tribunales al adjudicar una moción de desestimación, al amparo de la Regla 10.2 de Procedimiento Civil, que se presenta contra una demanda que, leída de manera liberal a favor de la parte demandante, se considera que contiene alegaciones que dan base a dos causas de acción: una que podría sujetarse al Código de Seguros y otra al Código Civil.

En este caso, por un lado, la aseguradora alegó en su moción de desestimación que los peticionarios incluyeron alegaciones para sustentar una causa de acción únicamente al amparo del Código de Seguros. Por el otro, los peticionarios arguyeron que en modo alguno presentaron una reclamación al amparo de ese cuerpo legal, sino que la ampararon en el Código Civil.

Sin embargo, la realidad es que la demanda contiene alegaciones que podrían dar base a reclamaciones fundamentadas en ambas legislaciones. Por ello, no coincidimos con los peticionarios en cuanto a que no fue su intención presentar una causa de acción al amparo del Código de Seguros. Como cuestión de hecho, varias de las alegaciones hicieron alusión expresa a incisos específicos del Artículo 27.161 del Código de Seguros que la aseguradora presuntamente violó. Como reseñamos previamente, el Artículo

27.164 del Código de Seguros permite incoar una acción civil contra una aseguradora de haberse sufrido daños a consecuencia de infringirse, por ejemplo, el propio Artículo 27.161. Dada esa realidad, **y en esta coyuntura particular de situaciones de hechos en las que ciertamente inciden tanto la causa de acción de reciente creación como la del Código Civil**, procedemos a delinear cuál debe ser el proceder de los tribunales al solicitársele la desestimación de la demanda.

Como primer paso, y según lo exige la normativa expuesta, el tribunal debe dar por ciertos los hechos correctamente alegados e interpretar de forma liberal a favor de la parte demandante las alegaciones incluidas. Si ese ejercicio inicial devela la existencia de una causa de acción al amparo del Código de Seguros, el adjudicador debe preguntarse si se cumplió con el requisito jurisdiccional de notificación previa. Si se incumplió, procede, inicialmente, dictar una sentencia parcial que desestime esa causa de acción.

Como segundo paso, el tribunal debe proceder a evaluar las alegaciones —igualmente de forma liberal a favor de la parte demandante— a los efectos de determinar si existe una reclamación basada en el Código Civil. **Recordemos, en esta tesitura, que, para que proceda la desestimación, tiene que demostrarse de forma certera que el demandante no tiene derecho a remedio alguno bajo cualquier estado de Derecho que se pudiere probar en apoyo a su reclamación.** Si las

alegaciones son suficientes para apoyar una reclamación al amparo del Código Civil, procederá que el tribunal deniegue la moción de desestimación; si no lo son, corresponderá entonces la desestimación total de la demanda.

Resolvemos que este es el ejercicio adecuado por múltiples razones. Primero, **hay una clara y reiterada política pública judicial dirigida a que los casos se vean en sus méritos**. Véanse, <u>Rivera Figueroa v. Joe's European Shop</u>, 183 DPR 580, 591 (2011); <u>Rivera *et al.* v. Superior Pkg., Inc., *et al.*,</u> 132 DPR 115, 124 (1992).

Segundo, y como reseñamos previamente, no es requerido que una parte demandante pormenorice con lujo de detalles sus alegaciones, como tampoco se requiere que identifique la fuente jurídica en la que ampara su reclamación. De ahí el mandato de que examinemos las alegaciones de manera conjunta y liberal. Después de todo, el tribunal determinará cuál será el derecho aplicable al caso al disponer de él.[24]

Tercero, debemos tener presente que el propio Artículo 27.164 del Código de Seguros dispone que la causa de acción que allí se crea **no sustituye** cualquier otra que se pueda presentar fundamentada en otra fuente jurídica, como, por ejemplo, el Código Civil. Igualmente, es menester recordar que en el supuesto de que se combinen ambas causas de acción en la demanda —como consideramos que ocurre en este caso—,

---

[24] No obstante, reconocemos que, en la situación particular de la concurrencia de acciones entre el Código de Seguros y el Código Civil, sería aconsejable que el demandante precise cuáles alegaciones y/o reclamaciones ampara en cada legislación.

la parte demandante tendrá la opción de escoger por cuál optar, lo cual no solo se derivará de las alegaciones, sino también de la prueba que tenga a bien presentar. En ese sentido, si las alegaciones sobreviven el estándar de la moción de desestimación, habría que concederle oportunidad al demandante para que presente la prueba de modo que pueda finiquitar ese ejercicio de selección de la causa de acción por la que finalmente optará.

En el caso que nos ocupa, y según mencionáramos, los peticionarios, aunque lo nieguen, incluyeron alegaciones que pueden dar base a una reclamación al amparo del Artículo 27.164 del Código de Seguros. Respecto a esa causa de acción, al no cumplir con el requisito jurisdiccional concernido, **procede su desestimación mediante una sentencia parcial**. En consecuencia, el tribunal no podrá evaluar las alegaciones —de subsistir por otros fundamentos— y la prueba que se presente a través del crisol del Artículo 27.164 del Código de Seguros. Tampoco podrá conceder remedios que surjan de este.

Ahora bien, corresponde determinar si las alegaciones de la demanda sustentan una reclamación al amparo del Código Civil. **Determinamos que sí.** Los peticionarios alegan esencialmente que la aseguradora incumplió sus obligaciones bajo la póliza de seguros al atender su reclamación tras la ocurrencia del huracán María. Un examen liberal de lo anterior junto con el resto de las alegaciones da base a una causa de acción ordinaria de incumplimiento de contratos y

daños contractuales. Así, procedía que el foro primario, en vez de desestimar la totalidad de la demanda, emitiera una Sentencia parcial en la que decretara la desestimación de la causa de acción del Código de Seguros y determinara la continuación de los procedimientos para la otra causa de acción.[25]

## IV

Por los fundamentos expuestos, se revoca la Sentencia del Tribunal de Apelaciones y se modifica la Sentencia del Tribunal de Primera Instancia a los efectos de disponer únicamente la desestimación de la causa de acción al amparo del Código de Seguros. Se devuelve el caso al foro primario para la continuación de los procedimientos de forma consistente con lo aquí resuelto.

Se dictará Sentencia de conformidad.


Maite D. Oronoz Rodríguez
Jueza Presidenta

---

[25] Al resolver de esta forma, se torna innecesario atender el tercer señalamiento de error de los peticionarios a los efectos de que los foros inferiores erraron al ignorar el mandato de este Tribunal en el recurso AC-2020-0002.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Abraham Rivera Candela y
Alexandra Lozada

    Peticionarios

        v.              AC-2023-0059

Universal Insurance Company

    Recurrido


SENTENCIA

En San Juan, Puerto Rico, a 11 de septiembre de 2024.

Por los fundamentos expuestos, se revoca la Sentencia del Tribunal de Apelaciones y se modifica la Sentencia del Tribunal de Primera Instancia a los efectos de disponer únicamente la desestimación de la causa de acción al amparo del Código de Seguros. Se devuelve el caso al foro primario para la continuación de los procedimientos de forma consistente con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.


                Javier O. Sepúlveda Rodríguez
                Secretario del Tribunal Supremo