Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| SWIRL, CORP.<br><br>Apelante<br><br>v.<br><br>SUCESIÓN MATOS;<br>MILAGROS MONTES<br>CRESPO Y OTROS<br><br>Apelados | KLAN202401059 | Apelación procedente<br>del Tribunal de<br>Primera Instancia,<br>Sala Superior de<br>San Juan<br><br>Civil Núm.:<br>SJ2023CV07217<br>Sala: 1003<br><br>Sobre:<br>Fraude de<br>Acreedores |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

**SENTENCIA**

En San Juan, Puerto Rico, a 4 de febrero de 2025.

Comparece Swirl, Corp., (Swirl o apelante) mediante un recurso de Apelación en el que nos solicita la revocación de una Sentencia Parcial, emitida y notificada el 26 de septiembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante el referido dictamen, el foro primario desestimó con perjuicio la demanda presentada por Swirl al amparo de la Regla 10.2(5) de Procedimiento Civil, (32 LPRA Ap. V R). Adelantamos que, por los fundamentos expuestos a continuación, *se Confirma* la Sentencia del foro apelado.

Según surge del expediente, el 27 de julio de 2023, Swirl presentó una Demanda por fraude de acreedores en contra de Carolyn Matos Montes, Katherine Matos Montes (hermanas Matos Montes o apeladas), Carlos E. Matos Malec, Brigde Matos Malec (hermanos Matos Malec) y Milagros Montes Crespo (Montes Crespo). En

conjunto, la sucesión de Carlos F. Matos Jordán (Matos Jordán) accionista y principal representante de la corporación Marbro, Inc. En síntesis, Swirl explicó que es una corporación fusionada con Nestlé de Puerto Rico, Inc., y que la presente Demanda surge a raíz de los hechos presentados en el caso KCD2015-1763 entre Nestlé de Puerto Rico v. Marbro, Inc., allá para el año 2015.

Así las cosas, Swirl alegó que, tras la sentencia anterior y varios intentos de cobro infructuosos a Marbro, Inc., presentó la Demanda de epígrafe. En esta alegó, señaló que Matos Jordán cedió e inscribió el inmueble en controversia como hogar seguro a favor de Montes Crespo y que dicha inscripción fue con el propósito de evitar la orden de ejecución de los bienes de Matos Jordán y para defraudar a Nestlé el cobro de su deuda.

Tras varios asuntos procesales, el 22 de enero de 2024 las hermanas Matos Montes presentaron una Solicitud de Desestimación al Amparo de la Regla 7.2 y 10.3 de Procedimiento Civil. En esencia, alegaron que la Demanda incumplió con la Regla 7.2 de las Reglas de Procedimiento Civil (32 L.P.R.A. Ap. V, R. 7.2). En consecuencia, solicitaron la desestimación de esta al amparo de la Regla 10.3 Reglas de Procedimiento Civil (32 L.P.R.A. Ap. V, R). En respuesta, el 9 de febrero de 2024 el apelante incoó un escrito intitulado Oposición a "Solicitud de Desestimación Al Amparo de la [sic] Reglas 7.2 y 10.3 de Procedimiento Civil" Presentada por Carolyn Matos Montes y Katherine Matos Montes. En síntesis, señaló que las hermanas Matos Montes son parte indispensable en pleito, pues, ambas pertenecen a la sucesión de Matos Jordán, único accionista y representante de Marbro, Inc.

Examinados los planteamientos esbozados, el 26 de septiembre de 2024, el foro primario emitió una Sentencia Parcial en la cual desestimó la Demanda en contra de las hermanas Matos Montes. El foro apelado concluyó que no surge de la Demanda ningún hecho o aseveración que vincule o detalle que las apeladas incurrieron en fraude, acto ilegal o nulo que justifique la concesión de un remedio en favor de la parte demandante. El foro primario explicó que además no se justificó en derecho la razón por la cual las apeladas deban mantenerse en el pleito como partes indispensables. A su vez, señaló que las hermanas Matos Montes no son herederas ni se alega vínculo de estas con la corporación Marbro, Inc. Por último, el foro de instancia impuso el pago de seiscientos $600.00 por concepto de temeridad, más las costas del litigio a favor de las hermanas Matos Montes.

En desacuerdo, el apelante presentó una Moción de Reconsideración. En esencia, adujo que erró el foro primario al desestimar la Demanda bajo la Regla 10.2 de Procedimiento Civil, supra. Posteriormente, el foro apelado declaró sin lugar la Moción de Reconsideración.

Insatisfecho con el dictamen, Swirl recurre ante este Tribunal y alega que el foro instancia erró (1) al desestimar el caso de autos al amparo de la Regla 10.2(5) de Procedimiento Civil, supra; (2) al determinar que las hermanas Matos Montes no son partes indispensables del pleito ante nos; (3) al concluir que las aseveraciones de fraude no estaban detalladamente expuestas en la Demanda; (4) y, al imponer honorarios por temeridad a la parte apelante a favor de la parte apelada. Por su parte, mediante un escrito en oposición al recurso ante nos, las apeladas sostienen no ser herederas de Marbro, Inc. y, en

consecuencia, no ser partes indispensables del pleito ante nuestra consideración.

En nuestro ordenamiento, uno de los fundamentos para solicitar la desestimación de una demanda es que esta no expone una reclamación que justifique la concesión de un remedio. Regla 10.2(5) de Procedimiento Civil (32 LPRA Ap. V). Ante tal planteamiento, la desestimación solo procede cuando se demuestra que la parte demandante no tiene derecho a remedio alguno bajo cualquier estado de Derecho que se pueda probar. *Rivera Candela et al. v. Universal Insurance Company*, 2024 TSPR 99 (citando a *Cobra Acquisitions v. Mun. de Yabucoa et al.,* 210 DPR 384 (2022)). Por ello, se debe considerar los hechos bien alegados de la manera más favorable al demandante, y al resolver toda duda a favor de éste, si la demanda es suficiente para constituir una reclamación válida. Íd. (citando a Cobra *Acquisitions v. Mun. de Yabucoa et al., supra; Casillas Carrasquillo v. ELA,* 209 DPR 240 (2022)). Para ello, el tribunal deberá tener en cuenta que, conforme lo dispone la Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1, la demanda solo tiene que contener una relación sucinta y sencilla de la reclamación demostrativas de que el peticionario tiene derecho a un remedio. *Torres, Torres v. Torres et al.* 179 DPR 481 (2010).

En cuanto al fraude la Regla 7.2 de las Reglas de Procedimiento Civil (32 LPRA Ap. V, R) expresa que, en todas las aseveraciones de fraude o error, las circunstancias que constituyen el fraude o error deberán exponerse detalladamente. […]. Por su parte, la Regla 6.5 de las Reglas de Procedimiento Civil (32 L.P.R.A. Ap. V, R. 6.5) explica que: "(a) Cada aseveración en una alegación será sencilla, concisa y

directa [...]". Quiérase decir, en contravención a la norma, la Regla 7.2 de las Reglas Procedimiento Civil, *supra*, exige que se expongan detalladamente las circunstancias que constituyen un supuesto fraude. Al respecto, el Tribunal Supremo ha resuelto que "el fraude no solo tiene que ser afirmativamente alegado, sino que, además, deben exponerse detalladamente las circunstancias que constituyen el mismo". *Figueroa v. Banco de San Juan,* 108 DPR 680 (1979).

Por otra parte, como exigencia del debido proceso de ley, nuestro ordenamiento jurídico requiere acumular a todas las partes que tengan un interés común en un pleito y sin cuya presencia no pueda adjudicarse la controversia. Regla 16.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V); *Pérez Ríos v. Luma Energy, LLC,* 2023 TSPR 136. No obstante, tal interés debe ser real e inmediato, por cuya ausencia cualquier remedio afectaría o destruiría radicalmente los derechos de esa parte. *Pérez Ríos v. Luma Energy, LLC, supra* (citando a *RPR & BJJ Ex Parte*, 207 DPR 389 (2021)). Desde luego, estas partes indispensables responden a dos principios básicos: (1) la protección constitucional que impide que una persona sea privada de la libertad y propiedad sin un debido proceso de ley, y (2) la necesidad de que el dictamen judicial que en su día se emita sea uno completo. Íd. (citando a *RPR & BJJ Ex Parte, supra; Cepeda Torres v. García Ortiz*, 132 DPR 698 (1993)). Véase, también, *Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. ELA,* 211 DPR 521 (2023). De faltar una parte indispensable, el Tribunal carecerá de jurisdicción sobre el pleito y, por efecto, cualquier sentencia emitida será nula y desestimará la reclamación sin entrar en los méritos de la controversia. *Pérez Ríos v. Luma Energy, LLC, supra* (citando a *RPR & BJJ Ex Parte, supra;*

*García Colón v. Sucn. González,* 178 DPR 527 (2010); *In re Vélez Báez,* 176 DPR 201 (2009); Romero v. SLG Reyes, 164 DPR 721 (2005); *Unisys v. Ramallo Brothers*, 128 DPR 842 (1991)). Véase, también, *Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. ELA, supra.*

Por último, nuestro ordenamiento establece que cuando cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entiende corresponden a tal conducta. *González Ramos et al. v. Pacheco Romero et al.,* 209 DPR 138 (2022) (citando la Regla 44.1(a) de Procedimiento Civil, supra). Dicha temeridad aplica cuando una parte (1) alargue innecesariamente un pleito; o (2) interponga pleitos frívolos que obliguen a la parte contraria a incurrir en gastos innecesarios o gestiones evitables. *Pérez Rodríguez v. López Rodríguez et al.,* 210 DPR 163 (2022) (citando a *Nieves Huertas et al. v. ELA I,* 189 DPR 611 (2013); Domínguez v. GA Life, 157 DPR 690 (2002)).

Por su naturaleza, la imposición de honorarios de abogados como sanción por temeridad pueden determinarse en cualquier tipo de acción judicial. *González Ramos et al. v. Pacheco Romero et al., supra* (citando a *Elba ABM v. UPR*, 125 DPR 294 (1990)). No obstante, tal determinación descansa en la sana discreción del foro primario, por lo cual un foro apelativo no intervendrá a menos que se demuestre que la adjudicación monetaria es constitutiva de un claro abuso de discreción. *Pérez Rodríguez v. López Rodríguez et al.,* 210 DPR 163 (2022) (citando a *Rodríguez de Oller v. TOLIC*, 171 DPR 293 (2007)).

En el caso de autos, al examinar la doctrina antes expuestas atinente a la Regla 10.2 (5) de Procedimiento Civil, *supra*, resolvemos que la determinación del foro de primera instancia al determinar que la Demanda de autos no expuso una reclamación que justificara la concesión de un remedio fue correcta. Aún al dar como cierto que las apeladas fueron herederas del fenecido Matos Jordán, quien era el representante y único accionista de la corporación Marbro, Inc., lo cierto es que éstas no se presentaron como parte de dicha corporación. Es menester recordar que, una corporación tiene su propia personalidad jurídica y su propio patrimonio, distinto a la personalidad y al patrimonio de sus accionistas, sean estos últimos personas naturales o jurídicas. Por ello, la responsabilidad de los accionistas por las deudas y obligaciones de la corporación está generalmente limitada al capital que éstos hayan aportado al patrimonio de la corporación. *D.A.C.O v. Alturas Fl. Dev. Corp. y Otros,* 132 DPR 905. Es decir, el hecho de que el fenecido Matos Jordán fuera el representante y único accionista de Marbro, Inc., no coloca a este o a sus herederas en responsabilidad directa por las deudas y obligaciones de la corporación, con lo cual no son partes indispensables del caso ante nuestra consideración, por carecer de interés y sin cuya presencia no pueda adjudicarse la controversia. Regla 16.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V).

Por otro lado, sabido es que la Regla 7.2 de Procedimiento Civil, *supra*, exige que en toda aseveración de fraude se exponga detalladamente en las alegaciones de la Demanda las circunstancias que constituyeron dicho fraude. En el presente caso, aunque el apelante plante que de las alegaciones de la Demanda surge una presunción de

fraude por parte de las hermanas Matos Montes a Swirl. Al respecto, nuestro más Alto Foro ha sido enfático al resolver que "el fraude no solo tiene que ser afirmativamente alegado, sino que, además, deben exponerse detalladamente las circunstancias que constituyen el mismo". *Figueroa v. Banco de San Juan, supra*. Por tanto, luego de un estudio detenido al caso de autos, resolvemos que el apelante no presentó circunstancias específicas, que adjudiquen fraude directo por parte de las hermanas Matos Montes a Swirl. En consecuencia, actuó correctamente el foro de instancia al determinar que el fraude no se alegó detalladamente, una mera presunción de fraude no cumple el requisito que establece la Regla 7.2 de Procedimiento Civil, *supra.*

Por último, sabido es que la imposición de honorarios de abogados por temeridad como sanción es una determinación que descansa en la sana discreción del Tribunal. Por lo cual, un foro apelativo no intervendrá a menos que se demuestre que la adjudicación monetaria es constitutiva de un claro abuso de discreción. *Pérez Rodríguez v. López Rodríguez et al., supra*. En el presente caso, el foro de instancia dentro de su sana discreción y luego de analizar la totalidad de las circunstancias del caso, determinó que las hermanas Matos Montes litigaron un caso en el cual no eran partes indispensables. Además, se alegó que ambas cometieron fraude, sin detallar las circunstancias o presentar evidencia del supuesto fraude. Ante ello, el foro sentenciador otorgó honorarios por temeridad. Al apelante no demostrar abuso de discreción por parte del foro sentenciador no intervendremos en la decisión.

Por los fundamentos antes expuestos, *se Confirma* la Sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez disiente sin escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones