Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| POPULAR AUTO LLC<br><br>Apelado<br><br><br>v.<br><br><br>BRIAN SANTOS ORTIZ Y OTROS<br><br>Apelante | KLAN202401121 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br><br>Caso Núm.:<br>TA2023CV01246<br><br><br>Sobre:<br>Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de enero de 2025.

Comparece ante *nos*, Brian Santos Ortiz, (Santos Ortiz o apelante) y nos solicita que revisemos una *Sentencia Parcial* emitida el 22 de octubre de 2024 y notificada el 25 de octubre de 2024, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Toa Alta. Mediante dicho dictamen, el foro primario declaró *Ha Lugar* una *Moción en Solicitud de Desestimación de Demanda Contra Terceros […]*.

Por los fundamentos que se exponen a continuación, *confirmamos* la *Sentencia Parcial* apelada.

**I.**

Este recurso tiene su origen en una *Demanda* sobre cobro de dinero que presentó Popular Auto, LLC. (Popular Auto o apelada) en contra de Santos Ortiz, el 5 de diciembre de 2023. En ajustada síntesis, Popular Auto alegó que Santos Ortiz solicitó y obtuvo un préstamo de auto y como consecuencia de ello otorgó un contrato de venta al por menor a plazos, mediante el cual adquirió un

vehículo de motor marca Volkswagen, GTI, del año 2016. Manifestó que el apelante se obligó a pagar un primer pago de $743.74 el 4 de abril de 2021 y setenta y un (71) pagos mensuales consecutivos de $599.24 comenzando el 4 de mayo de 2021.

Así pues, expresó que el apelante incumplió con sus obligaciones de pago bajo los términos y condiciones acordados. Afirmó que la parte apelante le adeuda $24,978.28 y que dicha cantidad no ha sido satisfecha a pesar de los requerimientos de pago.

El 13 de junio de 2024, Santos Ortiz presentó una *Contestación a la Demanda.* A grandes rasgos, negó las alegaciones de la *Demanda* y presentó una *Demanda Contra Tercero.* En la *Demanda Contra Tercero,* el apelante adujo que, para abril de 2023, acordó con Christian Concepción De Jesús (Concepción De Jesús o tercero demandado) venderle el vehículo Volkswagen GTI del año 2016, que le pertenecía. Indicó que le explicó a Concepción De Jesús que el vehículo tenía una deuda con Popular Auto, por lo que el precio pactado correspondía al balance de cancelación del préstamo al momento de la venta.

Destacó que, durante los meses de abril a junio de 2023, el tercero demandado realizó varios pagos de las mensualidades del préstamo con Popular Auto, en lugar de cumplir con el acuerdo de gestionar el traspaso de la cuenta del préstamo. Señaló que Concepción De Jesús le indicó que no iba a entregarle el vehículo, no iba a cumplir con el acuerdo para realizar el traspaso y que no tenía ninguna intención de realizar los pagos atrasados del préstamo. Así, esgrimió que le informó esta situación a Popular Auto, quien le indicó que visitaría el taller donde trabaja el tercero demandado para reposeer el vehículo. Añadió que, posteriormente, advino en conocimiento que Concepción De Jesús había desmantelado el vehículo para venderlo en piezas.

Entretanto, el 7 de octubre de 2024, el tercero demandado presentó una *Moción en Solicitud de Desestimación de Demanda Contra Terceros [...]*. En la misma, solicitó la desestimación de la *Demanda Contra Tercero* bajo el fundamento que deja de exponer una reclamación que justifique la concesión de un remedio. Alegó que el apelante abandonó el vehículo a sabiendas de que tenía una deuda sustancial con Popular Auto, sin mediar intercambio de dinero, con la promesa de que el tercero demandado, ajeno al acuerdo contractual entre Popular Auto y él, hiciera gestiones para traspasar un vehículo a su nombre y que continuara pagando la deuda. Afirmó que el apelante no le informó al acreedor original y no obtuvo su consentimiento escrito como exige la ley. Arguyó, además, que el presunto pacto o contrato descrito por el apelante tiene una causa ilícita, por lo que es nulo *ab initio*.

Asimismo, en su *Contestación de Demanda Contra Terceros*, el tercero demandado esbozó que nunca estuvo en conversaciones ni negociaciones para adquirir el vehículo en controversia ni con el apelante ni con Popular Auto. Manifestó que el apelante le falta a la verdad cuando indica que realizó gestiones para que el tercero demandado cumpliera con las gestiones de traspaso del vehículo con Popular Auto. Así pues, reiteró que nunca tuvo la posesión del vehículo ni se benefició, cobró, ni obtuvo dinero por la venta de piezas del vehículo Volkswagen GTI del 2016.

Luego de varios incidentes procesales, el 22 de octubre de 2024, el TPI emitió una *Sentencia Parcial*, notificada el 25 de octubre de 2024. En esta, el foro primario desestimó la *Demanda Contra Tercero,* con perjuicio, bajo el fundamento que los acuerdos del apelante con el tercero demandado nacieron en contra de la ley, sin que mediara consentimiento del acreedor.

Inconforme, el 9 de noviembre de 2024, Santos Ortiz presentó una *Moción de Reconsideración de Sentencia Parcial.* En la misma,

señaló que el foro primario basó su dictamen en un supuesto fraude que nadie ha alegado y que no se ha presentado, ni obra en el expediente prueba sobre la presunta intención de defraudar a Popular Auto. Indicó, además, que el TPI declaró con lugar la solicitud de desestimación sin permitirle contestar la misma en el término concedido para ello. Agregó que en la *Sentencia Parcial* se ordenó el archivo con perjuicio contra la esposa del tercero demando por no ser parte del pleito, aunque esta fue debidamente emplazada y aunque no ha quedado claro el verdadero estatus civil de Concepción De Jesús.

El 12 de noviembre de 2024, el foro primario emitió una *Orden*, notificada el 18 de noviembre de 2024, mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración que presentó la parte apelante. Inconforme aun, el 16 de diciembre de 2024, la parte apelante compareció ante *nos* mediante un recurso de *Apelación* y señaló la comisión de los siguientes errores:

> **PRIMER SEÑALAMIENTO DE ERROR: ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, ABUSÓ DE SU DISCRECIÓN Y COMETIÓ ERROR MANIFIESTO AL HABER ORDENADO LA DESESTIMACIÓN DE LA DEMANDA CONTRA TERCERO, AUNQUE <u>NO RECIBIÓ PRUEBA</u> DE QUE LOS ACUERDOS (CONTRATO) ENTRE EL TERCERO DEMANDANTE Y EL TERCERO DEMANDADO "NACIERON EN CONTRA DE LA LEY".**

> **SEGUNDO SEÑALAMIENTO DE ERROR: ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, ABUSÓ DE SU DISCRECIÓN Y COMETIÓ ERROR MANIFIESTO EN DERECHO, AL DESESTIMAR LA DEMANDA CONTRA TERCERO AL INTERPRETAR ERRÓNEAMENTE Y SIN PRUEBA, QUE EL CONTRATO DE VENTA DEL VEHÍCULO ENTRE EL DEMANDANTE Y EL TERCERO DEMANDADO FUE REALIZADO CON "*MALA FE*" Y "*CON LA INTENCIÓN DE DEFRAUDAR AL ACREEDOR FINANCIERO*".**

> **TERCER SEÑALAMIENTO DE ERROR: ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, ABUSÓ DE SU DISCRECIÓN Y COMETIÓ ERROR MANIFIESTO AL CONCLUIR QUE EL APELANTE <u>ABANDONÓ</u> EL VEHÍCULO <u>CON LA INTENCIÓN</u> DE LIBERARSE DE LA DEUDA Y <u>DEFRAUDAR</u> AL ACREEDOR SIN QUE DESFILARA UN ÁPICE DE PRUEBA Y CONTRARIO A LAS ALEGACIONES DEL**

**APELANTE QUE FUERON ACOMPAÑADAS CON PRUEBA DOCUMENTAL.**

**CUARTO SEÑALAMIENTO DE ERROR: ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, ABUSÓ DE SU DISCRECIÓN Y COMETIÓ ERROR MANIFIESTO AL CONCLUIR SUMARIAMENTE Y SIN LA CELEBRACIÓN DE UNA VISTA EVIDENCIARIA, QUE "NO HAY BUENA FE EN EL ACUERDO ENTRE EL DEMANDANTE CONTRA TERCERO Y EL TERCERO DEMANDADO" Y QUE "EL ACUERDO FUE REALIZADO CON LA INTENCIÓN DE DEFRAUDAR AL ACREEDOR FINANCIERO".**

Examinado el recurso de *Apelación*, el 18 de diciembre de 2024, este Tribunal emitió una *Resolución* concediéndole un término de veinte (20) días a la parte apelada para que presentara su posición al recurso. El 7 de enero de 2025, la parte apelada presentó un *Alegato en Oposición a Apelación*. Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

## A. Desestimación

La Regla 10.2 de Procedimiento Civil (32 LPRA Ap. V) le permite al demandado solicitar que se desestime la demanda en su contra antes de contestarla. R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 5ta ed., San Juan, LexisNexis de Puerto Rico, Inc., 2010, pág. 266. La precitada regla dispone lo siguiente:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable. Regla 10.2 de Procedimiento Civil, *supra*.

Así pues, entre las defensas mediante las cuales una parte puede solicitar la desestimación de la causa instada en su contra se encuentra el "dejar de exponer una reclamación que justifique la concesión de un remedio". Regla 10.2 (5) de Procedimiento Civil, *supra*. Véase, además, *Rivera Candela, et al. v. Universal Insurance*

*Company,* 2024 TSPR 99, 214 DPR ___ (2024); *Costas Elena, et al. v. Magic Sport, et al.*, 2024 TSPR 13, 213 DPR __ (2024).

Ante una moción de desestimación fundamentada en la referida regla, "el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Cobra Acquisitions v. Mun. Yabucoa, et al.*, 210 DPR 384 (2022). Véase, además, *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409 (2008); *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497 (1994). Luego, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. *Costas Elena, et al. v. Magic Sport, et al., supra.*

Asimismo, deberá interpretar las alegaciones de forma conjunta, liberal y de la manera más favorable posible en favor del demandante. *Bonnelly Sagrado v. United Surety, supra; Torres, Torres v. Torres, et al.,* 179 DPR 481 (2010). De hecho, tampoco procede la desestimación de la demanda si esta es susceptible de ser enmendada. *Clemente v. Dept. de la Vivienda*, 114 DPR 763 (1983).

Al atender este tipo de moción, el tribunal deberá tener en cuenta que, conforme lo dispone la Regla 6.1 de Procedimiento Civil (32 LPRA Ap. V, R. 6.1), la demanda solo tiene que contener "una relación sucinta y sencilla de la reclamación demostrativas de que el peticionario tiene derecho a un remedio", por lo que la norma procesal que rige establece que las alegaciones solo buscan "notificarle a la parte demandada a grandes rasgos, cuáles son las reclamaciones en su contra." *Torres, Torres v. Torres, et al., supra.* Es por esto que una demanda no será desestimada, salvo que se demuestre "que la parte demandante no tiene derecho a remedio alguno bajo cualesquiera de los hechos que se puedan probar".

*Blassino Alvarado v. Reyes Blassino,* 2024 TSPR 93, 214 DPR ___ (2024). Véase, además, *Consejo Titulares v. Gómez Estremera et al.,* 184 DPR 407 (2012); *Aut. Tierras v. Moreno & Ruiz Dev. Corp, supra.* Entiéndase, el asunto a considerar es, "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de este, la demanda es suficiente para constituir una reclamación válida". *Rivera Candela, et al. v. Universal Insurance Company, supra*; *Pressure Vessels P.R. v. Empire Gas P.R., supra.* Finalmente, este mecanismo procesal no debe ser utilizado en aquellos casos que envuelven un alto interés público, excepto que no haya duda de que, de los hechos alegados en la demanda, no es posible conceder un remedio adecuado al demandante. *Aut. Tierras v. Moreno & Ruiz Dev. Corp, supra.*

### B. Abuso de discreción

Nuestro Tribunal Supremo ha establecido que, los tribunales apelativos no interferirán con las facultades discrecionales de los foros primarios, exceptuando aquellas circunstancias en las que se demuestre que estos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194 (2023); Por lo cual, se requiere que nuestra intervención en esta etapa evite un perjuicio sustancial. *Rivera et al. v. Arcos Dorados et al., supra*; *Lluch v. España Service Sta.,*117 DPR 729 (1986).

En lo pertinente, nuestro máximo Foro ha definido la discreción judicial como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Rivera et al. v. Arcos Dorados et al., supra*; *Bco. Popular de P.R. v. Mun. de Aguadilla,* 144 DPR 651 (1997). Así pues, el ejercicio de este discernimiento se encuentra estrechamente relacionado con el concepto de razonabilidad. *Rivera et al. v. Arcos Dorados et al.,*

*supra*. Conforme a lo anterior, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho. *Íd.* Véase, además, *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414 (2013).

Asimismo, se ha señalado que un tribunal abusa de su discreción:

> cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en este, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente. *Rivera et al. v. Arcos Dorados, supra; SLG Zapata-Rivera v. J.F. Montalvo, supra.*

### C. Derecho de contratos

El contrato es el negocio jurídico bilateral por el cual dos o más partes expresan su consentimiento en la forma prevista por la ley, para crear, regular, modificar o extinguir obligaciones. Artículo 1230 del Código Civil (31 LPRA sec. 9751). Es facultativo contratar o no hacerlo, y hacerlo, o no, con determinada persona. Artículo 1232 del Código Civil (31 LPRA sec. 9753). Estos derechos no pueden ejercerse abusivamente ni contra una disposición legal. *Íd.* Así, las partes pueden acordar cualquier cláusula que no sea contraria a la ley, a la moral o al orden público. *Íd.* Así pues, lo acordado en los contratos tiene fuerza de ley entre las partes, ante sus sucesores y ante terceros en la forma que dispone la ley. Artículo 1233 del Código Civil (31 LPRA sec. 9754).

El contrato queda perfeccionado desde que las partes manifiestan su consentimiento sobre el objeto y la causa, salvo en los casos en que se requiere el cumplimiento de una formalidad solemne o cuando se pacta una condición suspensiva. Artículo 1237 del Código Civil (31 LPRA sec. 9771). En adición, "cuando los términos de un contrato son claros y no crean ambigüedades, estos

se aplicarán en atención al sentido literal que tengan". *C.F.S.E. v. Unión de Médicos*, 170 DPR 443 (2007).

Según establece el Artículo 342 de nuestro Código Civil (31 LPRA sec. 6312), el negocio jurídico puede ser nulo o anulable. Es nulo: (a) si el objeto, la causa o el consentimiento son inexistentes; (b) si el objeto o la causa son ilícitos; (c) si carece de las formalidades exigidas por la ley para su validez; o (d) si es contrario a la ley imperativa, la moral o el orden público. *Íd.* Por lo tanto, si el consentimiento se presta por error, violencia, intimidación o dolo, será nulo. Artículo 285 del Código Civil (31 LPRA sec. 6191).

## D. Ley para la Protección a la Propiedad Vehicular

El Artículo 18 de la Ley para la Protección a la Propiedad Vehicular, Ley Núm. 8 de agosto de 1987 (9 LPRA sec. 3217), según enmendada, establece que:

> [t]oda persona que ilegalmente se apropie sin violencia ni intimidación de algún vehículo de motor, perteneciente a otra persona, incurrirá en delito grave de tercer grado. El tribunal podrá imponer la pena de restitución en adición a la pena de reclusión establecida. Se entenderá que la apropiación es ilegal en cualquiera de las siguientes circunstancias, cuando la persona:
>
> (7) Venda, compre o en alguna forma enajene o adquiera el vehículo con la intención de defraudar a la compañía financiera o al comprador subsiguiente y liberarse de la deuda o del cumplimiento de las obligaciones existentes o cuando desmantele o permita que otra persona desmantele un vehículo que esté sujeto a un contrato de venta condicional, de arrendamiento financiero, o a algún otro tipo de préstamo con garantía, sin el consentimiento escrito del vendedor condicional, del acreedor o de la institución financiera.
>
> (8) Toda persona que actuando, como intermediario, compre, reciba, venda o enajene un vehículo de motor, sujeto a un financiamiento, con la intención de venderlo o cederlo, sin que medie la anuencia por escrito del vendedor condicional, del acreedor o la entidad financiera que financió el vehículo de motor al comprador original, incurrirá en delito grave de tercer grado y se le impondrá una multa no menor de cinco mil dólares ($5,000.00). El Tribunal podrá imponer la pena de restitución, además de las penas aquí impuestas, a su discreción.

### III.

En su recurso, la parte apelante alegó que erró el TPI, abusó de su discreción y cometió error manifiesto al haber ordenado la

desestimación de la *Demanda Contra Tercero,* aunque no recibió prueba de que los acuerdos entre el tercero demandante y el tercero demandado nacieron en contra de la ley. Asimismo, arguyó que erró el foro primario, abusó de su discreción y cometió error manifiesto en derecho, al desestimar la *Demanda Contra Tercero* al interpretar erróneamente y sin prueba, que el contrato de venta del vehículo entre el tercero demandante y el tercero demandado fue realizado con mala fe y con la intención de defraudar al acreedor financiero.

De otro lado, adujo el apelante que erró el TPI, abusó de su discreción y cometió error manifiesto al concluir que el apelante abandonó el vehículo con la intención de liberarse de la deuda y defraudar al acreedor sin que desfilara un ápice de prueba y contrario a las alegaciones del apelante que fueron acompañadas con prueba documental. Además, acentuó que erró el TPI, abusó de su discreción y cometió error manifiesto al concluir sumariamente y sin la celebración de una vista evidenciaría, que no hay buena fe en el acuerdo entre el demandante contra tercero y el tercero demandado y que el acuerdo fue realizado con la intención de defraudar al acreedor financiero. Por estar íntimamente relacionados discutiremos los señalamientos de error de forma conjunta.

Mediante la *Sentencia Parcial* apelada, el foro primario desestimó la *Demanda Contra Tercero* con perjuicio por entender que los acuerdos del apelante con el tercero demandado nacieron en contra de la ley, sin que mediara consentimiento del acreedor. De una lectura minuciosa del expediente ante *nos*, específicamente, de la *Demanda Contra Tercero* y de la *Contestación de Demanda Contra Tercero*, se puede colegir que la demanda no establece una reclamación plausible que justifique la concesión de un remedio.

Así, conforme a las cláusulas y condiciones del contrato de préstamo firmado entre Popular Auto y el apelante, este último se

obligó a: (1) conservar el vehículo adquirido en perfecta condición; (2) mantener el vehículo en la dirección física indicada, entiéndase en la Urb. Miraflores 31026 Calle Violeta, Dorado, Puerto Rico 00646; y, (3) a no ceder su interés con este contrato o el equipo a que se refiere ni traspasar la posesión de este excepto con el consentimiento escrito del vendedor.

No obstante, tal y como expresó el foro primario en la *Sentencia Parcial* apelada y según se desprende de la *Demanda Contra Terceros*, la intención del apelante al "vender" el vehículo en cuestión al tercero demandado era liberarse de la totalidad de su responsabilidad en el contrato contraído con Popular Auto. Así pues, tomando como ciertas las alegaciones de la *Demanda Contra Tercero,* en abril de 2023, Santos Ortiz abandonó el vehículo de motor con conocimiento de que tenía una deuda sustancial con Popular Auto, al tercero demandado, sin mediar intercambio de dinero, con la promesa de que el tercero demandado, ajeno al acuerdo contractual entre Popular Auto y el apelante, hiciera gestiones para traspasar un vehículo a su nombre y que continuara pagando la deuda. Esto, sin informarle a Popular Auto y sin su consentimiento escrito, tal como exige nuestro ordenamiento jurídico.

En consecuencia, procede la desestimación de la *Demanda Contra Tercero* por haber sido la actuación del apelante una contraria a lo establecido en el Artículo 18 de la Ley para la Protección a la Propiedad Vehicular, *supra.* Por lo tanto, **tomando por cierto las alegaciones de la *Demanda Contra Tercero,*** la causa del presunto contrato entre el apelante y el tercero demandado es una ilícita. Por consiguiente, no se cometieron ninguno de los errores señalados.

**IV.**

Por los fundamentos antes expuestos, *confirmamos* la *Sentencia Parcial* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del

Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones